# Exhibit 4



UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/905,526 | 05/30/2013 | Erin Anne KIMBREL | A1025.70048US00 | 7854 |

21967      7590      05/27/2014
HUNTON & WILLIAMS LLP
INTELLECTUAL PROPERTY DEPARTMENT
2200 Pennsylvania Avenue, N.W.
WASHINGTON, DC 20037

| EXAMINER |
|---|
| FORD, ALLISON M |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1653 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 05/27/2014 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| Office Action Summary | Application No. 13/905,526 | Applicant(s) KIMBREL ET AL. |
|---|---|---|
| | Examiner ALLISON FORD | Art Unit 1653 | AIA (First Inventor to File) Status No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>2</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on <u>11/27/13</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☐ This action is **FINAL**.    2b) ☐ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims*

5) ☒ Claim(s) <u>46,47,49,58,61,63,66,67,72-74,83,85,94,106,107,109,110 and 116</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☐ Claim(s) _____ is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☒ Claim(s) <u>See Continuation Sheet</u> are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

## Application Papers

10) ☐ The specification is objected to by the Examiner.
11) ☐ The drawing(s) filed on _____ is/are: a) ☐ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    **Certified copies:**
       a) ☐ All    b) ☐ Some**   c) ☐ None of the:
       1. ☐ Certified copies of the priority documents have been received.
       2. ☐ Certified copies of the priority documents have been received in Application No. _____.
       3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    ** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b) Paper No(s)/Mail Date _____.
3) ☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____.
4) ☐ Other: _____.

**Continuation Sheet (PTOL-326)**                                                                                            **Application No.  13/905,526**

Continuation of Disposition of Claims: Claims subject to restriction and/or election requirement are 46,47,49,58,61,63,66,67,72-74,83,85,94,106,107,109,110 and 116.

Application/Control Number: 13/905,526 Page 2
Art Unit: 1653

# DETAILED ACTION

The present application is being examined under the pre-AIA first to invent provisions.

## *Election/Restrictions*

Please note the instant application is subject to both a restriction requirement and an election of species requirement.

*Restriction Requirement:*

Restriction to one of the following inventions is required under 35 U.S.C. 121:

I. Claims 46, 47, 49, 58, 61, 63, 66, 67, 72-74, 82, 83, 85, 94 and 116, drawn to a mesenchymal stromal cells and a method of producing said cells, classified in class 435, subclass 377.

II. Claims 106, 107, 109 and 110, drawn to methods of treating diseases and disorders comprising administering mesenchymal stromal cells, classified in class 424, subclass 93.7.

The inventions are distinct, each from the other because of the following reasons:

Inventions I and II are related as product and process of use. The inventions can be shown to be distinct if either or both of the following can be shown: (1) the process for using the product as claimed can be practiced with another materially different product or (2) the product as claimed can be used in a materially different process of using that product. See MPEP § 806.05(h). In the instant case the mesenchymal stromal cells of Inventive Group I can be further differentiated *in vitro*, for example, into chondrocytes, adipocytes, osteoblasts, etc. Directed differentiation *in vitro* is considered a distinct method from the method of Inventive Group II, which requires implantation of the mesenchymal stromal cells into a subject. Thus the inventions are patentably distinct.

Application/Control Number: 13/905,526 Page 3
Art Unit: 1653

Restriction for examination purposes as indicated is proper because all these inventions listed in this action are independent or distinct for the reasons given above <u>and</u> there would be a serious search and/or examination burden if restriction were not required because one or more of the following reasons apply:

- the inventions have acquired a separate status in the art in view of their different classification
- the inventions have acquired a separate status in the art due to their recognized divergent subject matter
- the inventions require a different field of search (for example, searching different classes/subclasses or electronic resources, or employing different search queries)
- the prior art applicable to one invention would not likely be applicable to another invention
- the inventions are likely to raise different non-prior art issues under 35 U.S.C. 101 and/or 35 U.S.C. 112, first paragraph

**Applicant is advised that the reply to this requirement to be complete <u>must</u> include (i) an election of an invention to be examined** even though the requirement may be traversed (37 CFR 1.143) **and (ii) identification of the claims encompassing the elected invention**.

The election of an invention may be made with or without traverse. To reserve a right to petition, the election must be made with traverse. If the reply does not distinctly and specifically point out supposed errors in the restriction requirement, the election shall be treated as an election without traverse. Traversal must be presented at the time of election in order to be considered timely. Failure to timely traverse the requirement will result in the loss of right to petition under 37 CFR 1.144. If claims are added after the election, applicant must indicate which of these claims are readable upon the elected invention.

Application/Control Number: 13/905,526                                                                                  Page 4
Art Unit: 1653

Should applicant traverse on the ground that the inventions are not patentably distinct, applicant should submit evidence or identify such evidence now of record showing the inventions to be obvious variants or clearly admit on the record that this is the case. In either instance, if the examiner finds one of the inventions unpatentable over the prior art, the evidence or admission may be used in a rejection under 35 U.S.C. 103 or pre-AIA 35 U.S.C. 103(a) of the other invention.

*Election of Species Requirement:*

Upon the election of Inventive Group II, the following election of species must be made:

This application contains claims directed to patentably distinct species of methods for treating a disease or disorder. The species are differentiated by (1) the condition being treated, and (2) the additional cell and/or tissue type being administered. Applicants are required to elect a single species by defining each of the following variables:

(1) disease or disorder to be treated (species listed in claims 109 and 110), and

(2) when the method involves further administration of another cell or tissue, what type of cells are further administered (species listed in claim 107).

The species are independent or distinct because the different methods (differentiated by the disease or disorder to be treated) are mutually exclusive patient populations. Furthermore, the additional types of cells which can be administered are mutually exclusive and have different effects. In addition, these species are not obvious variants of each other based on the current record.

Applicant is required under 35 U.S.C. 121 to elect a single disclosed species, or a single grouping of patentably indistinct species, for prosecution on the merits to which the claims shall be restricted if no generic claim is finally held to be allowable. Currently, claim 106 is generic.

Application/Control Number: 13/905,526                                                                                     Page 5
Art Unit: 1653

There is a search and/or examination burden for the patentably distinct species as set forth above because at least the following reason(s) apply:

- the inventions have acquired a separate status in the art due to their recognized divergent subject matter
- the inventions require a different field of search (for example, searching different classes/subclasses or electronic resources, or employing different search queries)
- the prior art applicable to one invention would not likely be applicable to another invention
- the inventions are likely to raise different non-prior art issues under 35 U.S.C. 101 and/or 35 U.S.C. 112, first paragraph

**Applicant is advised that the reply to this requirement to be complete must include (i) an election of a species to be examined** even though the requirement may be traversed (37 CFR 1.143) **and (ii) identification of the claims encompassing the elected species or grouping of patentably indistinct species**, including any claims subsequently added. An argument that a claim is allowable or that all claims are generic is considered nonresponsive unless accompanied by an election.

The election may be made with or without traverse. To preserve a right to petition, the election must be made with traverse. If the reply does not distinctly and specifically point out supposed errors in the election of species requirement, the election shall be treated as an election without traverse. Traversal must be presented at the time of election in order to be considered timely. Failure to timely traverse the requirement will result in the loss of right to petition under 37 CFR 1.144. If claims are added after the election, applicant must indicate which of these claims are readable on the elected species or grouping of patentably indistinct species.

Should applicant traverse on the ground that the species, or groupings of patentably indistinct species from which election is required, are not patentably distinct, applicant should submit evidence or

Application/Control Number: 13/905,526 Page 6

Art Unit: 1653

identify such evidence now of record showing them to be obvious variants or clearly admit on the record that this is the case. In either instance, if the examiner finds one of the species unpatentable over the prior art, the evidence or admission may be used in a rejection under 35 U.S.C. 103 or pre-AIA 35 U.S.C. 103(a) of the other species.

Upon the allowance of a generic claim, applicant will be entitled to consideration of claims to additional species which depend from or otherwise require all the limitations of an allowable generic claim as provided by 37 CFR 1.141.

Applicant is reminded that upon the cancellation of claims to a non-elected invention, the inventorship must be corrected in compliance with 37 CFR 1.48(a) if one or more of the currently named inventors is no longer an inventor of at least one claim remaining in the application. A request to correct inventorship under 37 CFR 1.48(a) must be accompanied by an application data sheet in accordance with 37 CFR 1.76 that identifies each inventor by his or her legal name and by the processing fee required under 37 CFR 1.17(i).

The examiner has required restriction between product or apparatus claims and process claims. Where applicant elects claims directed to the product/apparatus, and all product/apparatus claims are subsequently found allowable, withdrawn process claims that include all the limitations of the allowable product/apparatus claims should be considered for rejoinder. All claims directed to a nonelected process invention must include all the limitations of an allowable product/apparatus claim for that process invention to be rejoined.

In the event of rejoinder, the requirement for restriction between the product/apparatus claims and the rejoined process claims will be withdrawn, and the rejoined process claims will be fully examined for patentability in accordance with 37 CFR 1.104. Thus, to be allowable, the rejoined claims must meet all criteria for patentability including the requirements of 35 U.S.C. 101, 102, 103 and 112. Until all claims

Application/Control Number: 13/905,526 | Page 7
Art Unit: 1653

to the elected product/apparatus are found allowable, an otherwise proper restriction requirement between product/apparatus claims and process claims may be maintained. Withdrawn process claims that are not commensurate in scope with an allowable product/apparatus claim will not be rejoined. See MPEP § 821.04. Additionally, in order for rejoinder to occur, applicant is advised that the process claims should be amended during prosecution to require the limitations of the product/apparatus claims. **Failure to do so may result in no rejoinder.** Further, note that the prohibition against double patenting rejections of 35 U.S.C. 121 does not apply where the restriction requirement is withdrawn by the examiner before the patent issues. See MPEP § 804.01.

## Conclusion

Any inquiry concerning this communication or earlier communications from the examiner should be directed to ALLISON FORD whose telephone number is (571)272-2936.  The examiner can normally be reached on 10:00-7:00 M-F.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Sharmila Landau can be reached on 571-272-0614.  The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system.  Status information for published applications may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished applications is available through Private PAIR only.  For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/ALLISON FORD/
Primary Examiner, Art Unit 1653