IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Astellas Institute for Regenerative Medicine, and Stem Cell & Regenerative Medicine International, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> ImStem Biotechnology, Inc., Xiaofang Wang, and Ren-He Xu, <br><br> Defendants. | Civil Action No. 1:17-cv-12239 <br><br> Hon. Allison D. Burroughs |

**JOINT STATUS CONFERENCE REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.1, Plaintiffs Astellas Institute for Regenerative Medicine ("Astellas") and Stem Cell & Regenerative Medicine International, Inc., ("SCRMI") (collectively "Plaintiffs") and Defendants ImStem Biotechnology, Inc., ("ImStem") and Xiaofang Wang (collectively "Defendants") (all together the "Parties") submit the following Joint Status Conference Report:

**I.     JURISDICTION AND SERVICE**

The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, 1338, 1367, and 2201. Plaintiffs and Defendants ImStem and Wang do not dispute that the Court has specific personal jurisdiction over them, and that venue is proper in the District. Plaintiffs initiated service on Defendant Ren-He Xu, a resident of Macao, through the Hague Convention process. Documents for service of process on Ren-He Xu in this case were received by the Procuratorate of the Macao SAR on January 29, 2018. On June 8, 2018, Defendant Ren-He Xu filed an Answer

in this case that did not contest this Court's specific personal jurisdiction or Plaintiffs' service of process.

## II. SUMMARY OF THE CASE

### A. Plaintiffs' Summary

Plaintiffs bring this suit for correction of inventorship of U.S. Patent No. 9,745,551 and state law tort claims related to the misappropriation of Plaintiffs' intellectual property that Defendants ImStem, Wang, and Xu used to file a U.S. Patent No. 9,745,551 and claim the work as their own.  The underlying facts of this dispute relate to a collaboration between Plaintiffs' predecessor entity and the Defendants between 2010 to 2013.  Defendants ImStem and Wang have counterclaimed that Defendant Wang is an omitted inventor of the unrelated U.S. Patent No. 8,961,956 belonging to the Plaintiffs.  Plaintiffs have moved to dismiss this counterclaim, which the Court denied on September 28, 2018.  Defendant Xu did not file any counterclaims.

### B. Defendants' Summary

Plaintiffs brought this suit for correction of inventorship of U.S. Patent No. 9,745,551 and state law tort claims.  Defendants ImStem and Dr. Wang counterclaimed for correction of inventorship of U.S. Patent No. 8,961,956 and unjust enrichment.  Dr. Wang contributed the central concept to that patent: the use of hemangioblast-derived mesenchymal stem cells to treat multiple sclerosis and other autoimmune diseases.  Moreover, Plaintiffs used Dr. Wang's experimental data to establish the patent's priority date – without authorization or attribution.  He should thus be a named inventor.  The Court has denied Plaintiffs' 12(b)(6) motion to dismiss Defendants' counterclaims.

## III. MOTION(S)

There are no pending motions.

**IV.    RULE 26(F)(1) CONFERENCE**

Counsel for the Parties held the conference required by Rule 26(f)(1), 16(f) and Local Rule 16.1 on July 17, 2018.

**V.     AGENDA OF MATTERS TO BE DISCUSSED AT THE SCHEDULING CONFERENCE**

Pursuant to Local Rule 16.1, the Parties have conferred and propose the following items of discussion for the status conference to be held at the Court's convenience:

a. The Parties' proposed Pretrial Schedules (below), including those disputes identified by the Parties during their conference;

b. Whether to set trial dates; and

c. Protective Order and ESI Order.

**VI.    MISCELLANEOUS ISSUES**

**A.     Reassignment to a Magistrate**

The Parties do not consent to reassignment of the case to a magistrate judge.

**B.     Alternative Dispute Resolution**

Plaintiffs believe that this suit is not, at this time, ripe for Alternative Dispute Resolution ("ADR"). Defendants believe that ADR could conserve this Court's resources and lead to settlement of this case.

**VII.   PRETRIAL SCHEDULE**

**A.     Proposed Case Management Orders**

Once the Parties have come to an agreement, the Parties will submit a joint motion for entry of (1) an agreement to govern the production of electronically stored information, including the format in which such information will be produced, and (2) a protective order to govern the production of competitively sensitive information and to provide privilege clawback protection.

    **B.**    **Initial Disclosures.**

The Parties have agreed that they will exchange initial disclosures pursuant to Rule 26(a)(1)(A) no later than 7 days from entry of the scheduling order.

    **C.**    **Scope of Discovery**

The Parties intend to pursue discovery relating to the counts in the pleadings. The Parties intend to pursue discovery in the form of request for production of documents and things, requests for admission, interrogatories, depositions, and other forms of discovery authorized by the Federal Rules of Civil Procedure, including discovery of non-Parties.  The Parties agree to confer in good faith to resolve disputes if the need arises.

    **D.**    **Discovery Plan.**

  The presumptive limits on discovery provided by the Federal Rules of Civil Procedure and this Court's Local Rules and Standing Orders shall apply, unless provided differently below.

    **1. Interrogatories**

The Parties agree that each side is limited to serving thirty (30) total interrogatories.

    **2. Depositions**

Each hours limit set forth below regarding depositions means hours on the record—i.e., excluding breaks. Unless otherwise stipulated by the Parties or ordered by the Court, each deposition is limited to 1 day of 7 hours. The Parties agree that each side is limited to taking up to 35 hours of fact depositions, not including depositions of non-Parties. Included within these limits, under both proposals, are depositions of the Parties pursuant to Federal Rule of Civil Procedure 30(b)(6). The Parties will meet and confer in good faith after disclosure of expert reports to determine the appropriate number and length of time for expert depositions. The Parties will meet and confer should a party desire modification of the aforementioned limits on discovery, after

which either party may seek leave from the Court to modify the aforementioned limits on discovery.

### 3. Requests for Admission

There are no limits on the number of requests for admission concerning the authenticity of documents. Each side is limited to twenty-five (25) requests for admission regarding substantive matters, absent agreement or leave of Court on a showing of good cause.

### 4. Expert Work Product

In addition to the protections provided by Federal Rule of Civil Procedure 26(b)(3) and (4), the Parties agree that counsel and experts need not preserve drafts of expert reports (partial or complete), notes, and other evidence of communications between counsel and experts (or with any intermediaries between counsel and experts) on the subject of the experts' actual or potential testimony, unless relied upon by the expert in forming any opinions disclosed in written reports provided in this litigation.

### 5. Service

Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the Parties agree to service via e-mail in lieu of personal service or service by U.S. Mail. Service of discovery requests for which no deadline is set by the Court shall be electronically served by 6 p.m. Eastern to count as service on that date. Service of such discovery after 6 p.m. Eastern shall be deemed effective on the following business day. Service of motions for which the deadline is set by the Court is unchanged. The case name "Astellas v. ImStem" will be included in the subject line for documents served by electronic means.

### 6. Privilege and Privilege Logs

The Parties propose that they not be required to log privileged materials dated after November 13, 2017, the date on which the complaint was filed in this action (the "cut-off date").

The Parties reserve the right to request logs of specific kinds of Privileged Materials otherwise excluded by the foregoing where good cause exists.

The Parties are still negotiating a procedure for the assertion of privilege or work-product claims after inadvertent production of privileged or work-product-protected material. In the interim, Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502 shall apply.

**7. Proposed Schedule**

The Parties propose the following schedule:

| Event | Proposed Date |
|---|---|
| Rule 26(a)(1) initial disclosures | 7 days from entry of the scheduling order |
| Initial Case Management Conference | October 15, 2018 |
| Amendment to any pleadings without leave of Court | September 28, 2018 |
| Joinder of any additional Parties | September 28, 2018 |
| Completion of fact discovery, including service of, and compliance with, written discovery requests and the completion of depositions | March 8, 2019 |
| Opening expert reports | April 12, 2019 |
| Rebuttal expert reports | May 17, 2019 |
| Completion of expert discovery | June 7, 2019 |
| Summary judgment motions, Daubert motions & opening briefs | July 12, 2019 |
| Answering summary judgment & Daubert briefs | August 16, 2019 |
| Reply summary judgment & Daubert briefs | September 6, 2019 |
| Oral argument on summary judgment & Daubert motions | At the Court's convenience in October 2019 |
| Parties exchange lists of previously disclosed fact witnesses, including experts who are expected to provide fact testimony, that they intend to call at trial | November 8, 2019 |
| Parties exchange list of rebuttal fact witnesses they intend to call at trial | November 22, 2019 |
| Joint pretrial order due | December 20, 2019 |
| Motions in limine | January 10, 2020 |

| Event | Proposed Date |
|---|---|
| Opposition to any Motions in limine | January 29, 2020 |
| Pretrial conference | At the Court's convenience in February 2020 |
| Trial | At the Court's convenience in February 2020 |

**8. Trial**

All Parties have requested trial by jury. The length of the trial may depend on the outcome of the Parties' pre-trial motions and the ability to narrow the issues. That said, the Parties preliminarily request 5 days for trial.

Dated:  October 5, 2018

LATHAM & WATKINS LLP

By: /s/  *David P. Frazier*
Charles H. Sanders (BBO #646740)
charles.sanders@lw.com
John Hancock Tower, 27th Floor
200 Clarendon Street
Boston, MA 02116
Tel: (617) 948-6022; Fax: (617) 948-6001

Michael A. Morin (*pro hac vice*)
michael.morin@lw.com
David P. Frazier (*pro hac vice*)
david.frazier@lw.com
Rebecca L. Rabenstein (*pro hac vice*)
rebecca.rabenstein@lw.com
Abigail Amato Rives (*pro hac vice*)
abby.rives@lw.com
555 Eleventh Street, N.W., Ste. 1000
Washington, DC 20004
Tel: (202) 637-2200; Fax: (202) 637-2201

Lauren K. Sharkey (*pro hac vice*)
lauren.sharkey@lw.com
330 North Wabash Avenue, Suite 2800
Chicago, IL 60607
Tel:  (312) 876-7653; Fax: (312) 993-9767

*Counsel for Plaintiff Astellas Institute for Regenerative Medicine*


NIXON PEABODY LLP

By: /s/  *Seth D. Levy*
Seth D. Levy (*pro hac vice*)
SLevy@nixonpeabody.com
300 South Grand Avenue
Suite 4100
Los Angeles, CA 90071-3151
(213) 629-6000

Respectfully submitted,

VERRILL DANA, LLP

By: /s/  *Timothy R. Shannon*
Timothy R. Shannon, MA Bar # 655325
tshannon@verrilldana.com
Michael G. Kebede, MA Bar # 688326
mkebede@verrilldana.com
One Portland Square
P.O. Box 586
Portland, Maine 04112-0586
(207) 774-4000

*Counsel for Defendants ImStem Biotechnology, Inc, Dr. Xiaofang Wang, and Dr. Ren-He Xu*

Shawn G. Hansen (*pro hac vice*)
SHansen@nixonpeabody.com
300 South Grand Avenue
Suite 4100
Los Angeles, CA 90071-3151
(213) 629-6000

Sydney Pritchett (BBO #694195)
SPritchett@nixonpeabody.com
100 Summer Street
Boston, MA 02110-2131
(617) 345-1000

*Counsel for Plaintiff Stem Cell &
Regenerative Medicine International, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 5, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *David P. Frazier*
David P. Frazier (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004