IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Astellas Institute for Regenerative Medicine, and Stem Cell & Regenerative Medicine International, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> ImStem Biotechnology, Inc., Xiaofang Wang, and Ren-He Xu, <br><br> Defendants. | Civil Action No. 1:17-cv-12239 <br><br> Hon. Allison D. Burroughs |

**[STIPULATED] ESI ORDER**

After conferring on these matters, the Parties hereby propose to the Court an agreed protocol for discovery in the above-captioned matter.  Accordingly, for good cause shown,

**IT IS HEREBY ORDERED:**

1. This Order supplements all other discovery rules and orders.  It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1."

2. This Order may be modified in the Court's discretion or by stipulation.

3. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

**I.   SCOPE**

4. The parties shall not be obligated under this order to produce any ESI that is no longer within their possession, custody or control (e.g., lost or deleted) as a result of the routine,

1

good-faith operation of an electronic information system, unless the party requesting such ESI establishes that there is good cause to believe that the party from whom such ESI is being requested intentionally failed to preserve, deleted, or destroyed the ESI while under an obligation to retain it.

5. Nothing in this Order prevents the parties from agreeing to use technology assisted review and other discovery techniques.

6. Except as noted below, the following document types are not discoverable except upon a showing of good cause in this action and the parties shall have no obligation to preserve data contained in the following forms:

   a. ESI Of Limited Accessibility.  If a Producing Party contends that any responsive ESI is not reasonably accessible within the meaning of Fed. R. Civ. P. 26(b)(2)(B), that Party shall timely identify such ESI with reasonable particularity and shall provide the Receiving Party with the basis for declining to produce such ESI, including but not limited to: information about the nature of any limitations on access, the likely costs and burdens that might be incurred in producing such ESI, the method used for storage of such ESI (e.g., the type of system used to store the ESI) and the places in which such ESI is kept.  The parties shall negotiate in good faith concerning the production of any such ESI.

   b. Recorded voice messages, including without limitation voicemail in the Avaya Voice Player (.lvp) or WAVE (.wav) file formats.

   c. Text messaging communications.

   d. Instant messaging communications, including without limitation Skype communications.

e. Back-up tapes or other long-term storage media, including those created strictly for use as a data back-up or disaster recovery medium; such documents must be preserved but are presumptively not discoverable absent a showing of good cause.

f. Temporary data stored in a computer's random access memory (RAM), or other ephemeral data that are difficult to preserve without disabling the operating system.

g. Deleted, slack, fragmented or other data only accessible by forensics.

h. On-line access data such as temporary Internet files, history, cache, cookies, and the like.

i. Pin-to-pin messages sent to or from mobile devices (e.g., Blackberry devices).

j. Electronic mail sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere.

k. Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such information is routinely saved elsewhere.

l. Logs of calls made from mobile devices.

m. Server, system or network logs, e.g., logs showing access by a particular user to a particular computer terminal or website.

n. Electronic data temporarily stored by laboratory equipment or attached electronic equipment, provided that such data is not ordinarily preserved as part of a laboratory report.

o. Data that remains from systems no longer in use; such documents must be preserved but are presumptively not discoverable absent a showing of good cause.

p. Data that is unintelligible on systems in use.

    q. Nothing in this provision or Order precludes the Parties from subsequently agreeing to otherwise or further limit the scope of discovery of ESI.

7. The relevant time period, for most purposes, for collection and production of documents is approximately January 1, 2010, through the date the Complaint was filed, November 13, 2017. To the extent that such data still exists on an active data source and is not subject to the exceptions set forth herein, the Parties shall preserve potentially relevant data from as early as January 1, 2010. Preservation of potentially relevant ESI shall be reasonable and proportionate. Provided that the Parties take reasonable steps to comply with this Stipulated Order, the Parties will not seek sanctions against a party for failing to produce ESI lost inadvertently.

## II. PRODUCTION FORMAT

8. ESI shall be produced in the format provided in Appendix A - Production Format Protocol. Hard copy documents shall also be produced in the format provided in Appendix A – Production Format Protocol.

9. The Producing Party shall produce document images, load files and metadata via an emailed link to a secure file transfer site. The cover email shall contain the Document Number ranges of the documents in that production. To the extent that the production includes any information designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" under a Protective Order in this action, the cover email shall indicate that the production includes information so designated. The cover email shall also include text referencing the case name and number. Further, for any replacement productions, the cover email shall cross-reference the Document Number range that is being replaced.

10. Nothing in this Stipulated Order shall eliminate or alter any Party's obligation to retain Native Format copies, including associated metadata, of all ESI produced in the action and

original hard copy documents for all Paper Discovery produced in the action.

11. To the extent that documents produced pursuant to this Stipulated Order cannot be rendered or viewed without the use of proprietary third-party software, the Parties shall meet and confer to minimize any expense or burden associated with the production of such documents in an acceptable format, including issues as may arise with respect to obtaining access to any such software and operating manuals which are the property of a third party.

12. To the extent any document exists in more than one language, the document shall be produced in English, if available.

### III. LIMITATIONS ON PRODUCTION

13. The Parties will endeavor to produce documents in a reasonably timely manner and in accordance with the timelines set forth in the Federal Rules of Civil Procedure. The Parties recognize, however, that strict adherence to those requirements may not be possible in all situations and with all data. Production in the action is anticipated to be conducted on a rolling basis with Parties making reasonable efforts to expedite the process. If either Party feels production has been unreasonably delayed, the Parties agree to confer via telephone or in person to reach a mutually agreeable consensus prior to court involvement.

Dated:  January 28, 2019					Respectfully submitted,

LATHAM & WATKINS LLP					VERRILL DANA, LLP

By: /s/  *Charles H. Sanders*				By: /s/  *Timothy R. Shannon*
Charles H. Sanders (BBO #646740)			Timothy R. Shannon, MA Bar # 655325
charles.sanders@lw.com				tshannon@verrilldana.com
John Hancock Tower, 27th Floor			Michael G. Kebede, MA Bar # 688326
200 Clarendon Street					mkebede@verrilldana.com
Boston, MA 02116					One Portland Square
Tel: (617) 948-6022; Fax: (617) 948-6001		P.O. Box 586
							Portland, Maine 04112-0586
Michael A. Morin (*pro hac vice*)			(207) 774-4000
Michael.morin@lw.com
David P. Frazier (*pro hac vice*)			*Counsel for Defendants Imstem Biotechnology,*
david.frazier@lw.com					*Inc, Dr. Xiaofang Wang, and Dr. Ren-He Xu*
Rebecca L. Rabenstein (*pro hac vice*)
rebecca.rabenstein@lw.com
Abigail Amato Rives (*pro hac vice*)
abby.rives@lw.com
555 Eleventh Street, N.W., Ste. 1000
Washington, DC 20004
Tel: (202) 637-2200; Fax: (202) 637-2201

Lauren K. Sharkey (*pro hac vice*)
lauren.sharkey@lw.com
330 North Wabash Avenue, Suite 2800
Chicago, IL 60607
Tel:  (312) 876-7653; Fax: (312) 993-9767

*Counsel for Plaintiff Astellas Institute for*
*Regenerative Medicine*


NIXON PEABODY LLP

By: /s/  *Shawn G. Hansen*
Seth D.  Levy (*pro hac vice*)
SLevy@nixonpeabody.com
300 South Grand Avenue
Suite 4100
Los Angeles, CA 90071-3151
(213) 629-6000

Shawn G.  Hansen (*pro hac vice*)
SHansen@nixonpeabody.com

6

300 South Grand Avenue
Suite 4100
Los Angeles, CA 90071-3151
(213) 629-6000

Sydney Pritchett (BBO #694195)
SPritchett@nixonpeabody.com
300 South Grand Avenue
Suite 4100
Los Angeles, CA 90071-3151
(213) 629-6000

Troy K. Lieberman (BBO #681755)
TLieberman@nixonpeabody.com
100 Summer Street
Boston, MA 02110-2131
(617) 345-1000

*Counsel for Plaintiff Stem Cell & Regenerative Medicine International, Inc.*

SO ORDERED, This ____ day of _____, 2019

_____
Judge Allison D. Burroughs
United States District Judge

**LOCAL RULE 5.2(b) CERTIFICATE OF SERVICE**

I hereby certify that this document and all supporting papers filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) or otherwise served on Defendants and their counsel in accordance with Local Rule 5.2(a).

Dated: January 28, 2019

By: /s/  *Charles H. Sanders*
Charles H. Sanders (BBO #646740)
charles.sanders@lw.com
LATHAM & WATKINS LLP
John Hancock Tower, 27th Floor
200 Clarendon Street
Boston, MA 02116
Tel: (617) 948-6022; Fax: (617) 948-6001