# EXHIBIT 15 TO SHARKEY DECLARATION

| | |
|---|---|
| **From:** | Rabenstein, Reba (DC) |
| **To:** | wkeown@verrilldana.com; tshannon@verrilldana.com; Ben Stern; Jennifer Harrell |
| **Cc:** | #C-M ASTELLAS - ASTELLAS V. IMSTEM - LW TEAM |
| **Subject:** | RE: Astellas v. ImStem, No. 1:17-cv-12239-ADB (D. Mass.) - Service |
| **Date:** | Monday, July 15, 2019 8:05:51 AM |
| **Attachments:** | 2019-07-15 Rabenstein Ltr to Shannon.pdf |

Tim, Ben, and Wayne,

Please see the attached letter regarding Defendants' continued failure to respond to Plaintiffs' Second Set of Interrogatories.

Best,
Reba

**Rebecca L. Rabenstein**

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2353

---

**From:** Rabenstein, Reba (DC) <Rebecca.Rabenstein@lw.com>
**Sent:** Wednesday, July 10, 2019 9:58 AM
**To:** Sharkey, Lauren (CH) <Lauren.Sharkey@lw.com>; wkeown@verrilldana.com; tshannon@verrilldana.com; Ben Stern <bstern@verrilldana.com>; Jennifer Harrell <jharrell@verrilldana.com>
**Cc:** #C-M ASTELLAS - ASTELLAS V. IMSTEM - LW TEAM <ASTELLASASTELLASV.IMSTEM.LWTEAM@lw.com>
**Subject:** RE: Astellas v. ImStem, No. 1:17-cv-12239-ADB (D. Mass.) - Service

Tim,

We still have not received Defendants' responses to Plaintiffs' Second Set of Interrogatories (Nos. 22-30), which were due on June 28. We also did not receive the unsigned responses to a subset of interrogatories that would be relevant to Dr. Xu that you agreed to provide before Dr. Xu's deposition (see below). Further, we did not receive a response to Lauren's email below.

Defendants' responses are overdue and, worse, Defendants have not responded to our emails on this topic, requested an extension on the due date for such responses, or provided the responses to the subset of interrogatories that you verbally agreed to provide before Dr. Xu's deposition.

Please provide Defendants' overdue responses immediately.

Best,
Reba

**Rebecca L. Rabenstein**

**LATHAM & WATKINS** LLP
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304
D: +1.202.637.2353

---

**From:** Sharkey, Lauren (CH) <Lauren.Sharkey@lw.com>
**Sent:** Tuesday, July 02, 2019 9:11 PM
**To:** Rabenstein, Reba (DC) <Rebecca.Rabenstein@lw.com>; wkeown@verrilldana.com; tshannon@verrilldana.com; Ben Stern <bstern@verrilldana.com>; Jennifer Harrell <jharrell@verrilldana.com>
**Cc:** #C-M ASTELLAS - ASTELLAS V. IMSTEM - LW TEAM <ASTELLASASTELLASV.IMSTEM.LWTEAM@lw.com>
**Subject:** RE: Astellas v. ImStem, No. 1:17-cv-12239-ADB (D. Mass.) - Service

Tim,

It's my understand that at today's deposition, you agreed to provide an unsigned response to Plaintiffs' Second Set of Interrogatories (Nos. 22-30) this evening in advance of the Xu depo, for those interrogatories that would be relevant to Dr. Xu. Those interrogatories are 22, 23, 24, 25,26 and 27.

Please let us know if you will not be able to provide these responses tonight.

Kind regards,

Lauren

---

**From:** Rabenstein, Reba (DC) <Rebecca.Rabenstein@lw.com>
**Sent:** Saturday, June 29, 2019 12:39 PM
**To:** wkeown@verrilldana.com; tshannon@verrilldana.com; Ben Stern <bstern@verrilldana.com>; Jennifer Harrell <jharrell@verrilldana.com>
**Cc:** #C-M ASTELLAS - ASTELLAS V. IMSTEM - LW TEAM <ASTELLASASTELLASV.IMSTEM.LWTEAM@lw.com>
**Subject:** RE: Astellas v. ImStem, No. 1:17-cv-12239-ADB (D. Mass.) - Service

Tim, Wayne, and Ben,

Defendants' responses to Plaintiffs' Second Set of Interrogatories (Nos. 22-30) were due yesterday. However, we have not received them.

Please send your responses immediately.

Best,
Reba

**Rebecca L. Rabenstein**

**LATHAM & WATKINS** LLP
555 Eleventh Street, NW | Suite 1000 | Washington, D.C. 20004-1304

D: +1.202.637.2353

**From:** Ring, Jack (DC) <Jack.Ring@lw.com>
**Sent:** Wednesday, May 29, 2019 5:19 PM
**To:** wkeown@verrilldana.com; tshannon@verrilldana.com
**Cc:** slevy@nixonpeabody.com; #C-M ASTELLAS - ASTELLAS V. IMSTEM - LW TEAM <ASTELLASASTELLASV.IMSTEM.LWTEAM@lw.com>; spritchett@nixonpeabody.com; shansen@nixonpeabody.com; tlieberman@nixonpeabody.com
**Subject:** Astellas v. ImStem, No. 1:17-cv-12239-ADB (D. Mass.) - Service

Counsel:

Please find attached Plaintiffs' Second Set of Interrogatories (Nos. 22-30).

Best,
Jack

**Jack Ring**
Paralegal

**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004-1304
Direct Dial: +1.202.350.5306
Fax: +1.202.637.2201
Email: jack.ring@lw.com
http://www.lw.com

**LATHAM&WATKINS LLP**

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

July 15, 2019

**VIA EMAIL**

Timothy R. Shannon
VERRILL DANA LLP
One Portland Square
P.O. Box 586
Portland, Maine 04112-0586
tshannon@verrilldana.com

Re:   Astellas v. ImStem, No. 1:17-cv-12239-ADB (D. Mass.)

Dear Tim:

We write regarding Defendants' complete failure to provide responses to Plaintiffs' Second Set of Interrogatories (Nos. 22 -30) dated May 29, 2019.  Defendants' responses to these interrogatories were due *two weeks ago*, on June 28, 2019.  Defendants never requested an extension on the deadline for these responses, and Defendants have never responded in writing to Plaintiffs' multiple requests that these responses be produced immediately.  *See, e.g.,* Rabenstein email to Shannon, Keown, and Stern (June 29, 2019); Sharkey email to Shannon (July 2, 2019) (following up on Shannon's offer at the Men deposition that same day to provide unsigned responses to a subset of Plaintiffs' Second Set of Interrogatories and requesting their responses that evening); Rabenstein email to Shannon (July 10, 2019).

This is also not the first time that Defendants have missed the deadline to serve their interrogatory responses. Defendants' responses to Plaintiffs' First Set of Interrogatories were originally due on February 25, 2019.  Yet, Defendants emailed Plaintiffs at 5:30 pm Eastern on that due date to request a 3-day extension, which Plaintiffs' agreed to within an hour. Defendants did not serve their responses on the extended deadline (Feb. 28) or even request another extension.  And Defendants did not respond to Plaintiffs' March 1 email requesting that such answers be served.  Plaintiffs had to send a second follow-up email on March 4 before Defendants finally produced their responses on March 6—a week and a half and one week after the original and extended deadlines, respectively.

A party cannot simply ignore the Federal rules and Court ordered deadlines, as a "party who seeks to be relieved from a court-appointed deadline has an obligation, at a bare minimum, to present his arguments for relief to the ordering court." *Velez v. Awning Windows, Inc.*, 375 F.3d 35, 41 (1st Cir. 2004) ("Rules are rules—and the parties must play by them.") (internal citation omitted).

Timothy R. Shannon
July 15, 2019
Page 2

**LATHAM&WATKINS**LLP

  By failing to respond in a timely fashion to these interrogatories, Defendants have waived all of their objections to said Interrogatories. Federal Rule 33(b)(4) provides that "any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4); *Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir. 1991) ("If the responding party fails to make a timely objection, or fails to state the reason for an objection, he may be held to have waived any or all of his objections."); *Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988) ("Any other result would ... completely frustrate the time limits contained in the Federal Rules and give a license to litigants to ignore the time limits for discovery without any adverse consequences.").

  Further, based on similar unresponsiveness to discovery and flaunting of discovery deadlines, Courts have found sanctions to be appropriate ranging from granting monetary awards to the dismissal of claims. *See e.g. Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d at 12; *Briarwood Thirteen LLC v. Travelers Prop. Cas. Co. of Am.*, Civ. No. 14-30074, D. Mass (Dec. 11, 2018) (ECF No. 206) (dismissal appropriate where "attorney simply ignored the deadline for producing discovery, without even filing a motion for extension" among other violations); *Hooper-Haas v. Ziegler Holdings, LLC*, 690 F.3d 34, 39 (1st Cir. 2012) (approving default against party that willfully ignored deadlines, failed to respond to discovery responses and provided no reasonable excuse).

  Please immediately produce your responses. If you do not do so, Plaintiffs reserve all rights to seek the Court's assistance in obtaining Defendants' compliance with the Federal Rules and Court-ordered deadlines, and for monetary or other sanctions.

Best regards,

Rebecca L. Rabenstein
of LATHAM & WATKINS LLP