# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

ASTELLAS INSTITUTE FOR
REGENERATIVE MEDICINE **and** STEM
CELL & REGENERATIVE MEDICINE
INTERNATIONAL, INC.,

     *Plaintiffs,*

v.

IMSTEM BIOTECHNOLOGY, INC.,
XIAOFANG WANG, **and** REN-HE XU,

     *Defendants.*

Civil Action No. 1:17-cv-12239-ADB

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY BRIEF

Plaintiffs Astellas Institute for Regenerative Medicine ("Astellas") and Stem Cell & Regenerative Medicine International, Inc. ("SCRMI") (collectively "Astellas") oppose Defendants' Motion for Leave to File Reply Brief[1] because this reply is both an effort to delay the resolution of Defendants' Motion for Leave to File Amended Counterclaims and supporting memorandum (collectively, "Motion") and an improper attempt to cure defects in that Motion, both by introducing new arguments and adding additional documents to the record that should and could have been raised in Defendants' opening Motion.

Given that Defendants sought leave to amend so late in the case, they bore a heavy burden to demonstrate in their opening Motion good cause to allow their proposed amendment. Instead, Defendants offered no documents or evidence in support of their arguments in the Motion, basing

---

[1] For clarity, Astellas does not oppose Defendants' Motion for Leave to File Documents Under Seal, which Defendants indicate is contingent based upon the Court's resolution of Defendants' Motion for Leave to File Reply Brief. (*See* D.I. 78 at 5.)

it entirely on vague references to the "complexity" of the case and attorney argument.   And Defendants chose not to mention that they were also seeking to add an affirmative defense of statute of limitations **at all**, instead trying to sneak it in to the proposed amendment itself.[2]   Having made these strategic choices, Defendants should be held to them.   (*See, e.g.,* D.I. 71 at 7 n.11 (explaining that Defendants "did not think it necessary to describe" the content of documents Astellas produced in January 2019 "[b]ecause the substance of those documents is not the central issue for this motion").)

Defendants' effort to rescue its Motion with new arguments and evidence that should and could have been made in the Motion itself should be denied.   The "purpose of a reply memorandum is not to file new arguments that could have been raised in a supporting memorandum." *Napert v. Gov't Employees Ins. Co.,* No. CIV.A. 13-10530-FDS, 2013 WL 3989645, at *2 (D. Mass. Aug. 1, 2013).   In fact, "[b]lack-letter law holds that, in the absence of exceptional circumstances, arguments presented for the first time in [a] . . . reply brief are deemed waived." *Kimmel & Silverman, P.C. v. Porro*, 53 F. Supp. 3d 325, 341 (D. Mass. 2014) (*citing Alamo–Hornedo v. Puig*, 745 F.3d 578, 582 (1st Cir. 2014)).   Further, to demonstrate good cause exists for leave to amend, Defendants were required to show in their opening Motion that the proposed amendment is not futile. *See Federico v. Town of Rowley*, No. 15-12360-FDS, 2016 WL 7155736, at * 3 (D. Mass. Dec. 7, 2016) (denying motion to amend for, *inter alia*, futility where plaintiffs "motion to amend and its supporting documentation are insufficient" to carry "plaintiff's burden to prove by substantial and convincing evidence that the claims would not be futile.").

---

[2] It was only after Defendants got caught at the status conference for their sneak attempt, which Astellas identified for the Court, that they offered to file an amended brief.

Defendants' motion for leave to file a reply and to attach new documents make clear that they are improperly trying to cure defects in their opening Motion by introducing new arguments and evidence that had long been in their possession.  Specifically, Defendants seek to submit deposition excerpts of Astellas' witnesses Erin Kimbrel, Nicholas Kouris, and Jianlin Chu, excerpts of Defendant Xiaofang Wang's second deposition, "five or fewer Astellas internal emails and their attachments," and excerpts of Plaintiffs' privilege log.  (D.I. 77 at 1-2.)  Defendants did not mention or even suggest in their opening Motion that they would rely on testimony from anyone, let alone the depositions of Drs. Kimbrel, Kouris, and/or Chu.  Yet Defendants had these deposition transcripts long before they filed their Motion, as these depositions occurred more than thirty, more than twenty-five, and twenty days prior to Defendants' filing.  Further, while Defendants have not identified the particular emails and attachments that they are seeking to file under seal (in contrast to the courtesy extended by Astellas in its own motion), Astellas produced the bulk of its documents, including email, on January 30 and February 8, 2019.  (*See* D.I. 71 at 7 (admitting that documents were produced on January 30, 2019); D.I. 78 at 2 n.1 (admitting the parties produced documents beginning January 30, 2019).)  Defendants thus had these documents *for over five months* when they filed their opening Motion, and should and could have referenced them there.[3]  Defendants have no explanation for this delay other than attorney argument that the documents concern "dense" material and that they did not fully understand the material until Dr. Xu—who answered the complaint over a year ago—arrived for his July 3, 2019 deposition.  (*See*

---

[3] Defendants' assertion that Dr. Lu's July 26, 2019 deposition somehow warrants a reply is incorrect and omits key facts.  Defendants did not inform Astellas of their intent to depose Dr. Lu, a former employee of Astellas, until June 13, 2019, despite both Defendants and Astellas listing Dr. Lu as having relevant information in their Initial Disclosures, which were served on October 23, 2018.  The delay in taking Dr. Lu's deposition is thus of Defendants' own making, having waited over seven months from when they identified Dr. Lu in their Initial Disclosures before seeking his deposition.

D.I. 71 at 7-8.)  In sum, Defendants had access to all the information they now seek to shoe-horn into a reply well before they filed their Motion and still chose not to include it.  Defendants thus have waived any arguments on this point and their motion for leave to file a reply should be denied.

Independently, Defendants should not be permitted to add new arguments and evidence regarding the statute of limitations defense—a new defense they did not mention in their Motion but rather attempted to sneak into their proposed Amended Answer and Counterclaims.  Although Astellas would not object in principle to a reply on arguments regarding amending the counterclaims that were properly raised in Defendants' opening Motion, the law is clear that any argument on adding a statute of limitations defense was waived because it was omitted from the initial Motion.  Defendants cannot use a reply to correct that failure.  *Gov't Emp. Ins. Co. v. Barron Chiropractic & Rehab., P.C.,* No. 1:16-CV-10642-ADB, 2017 WL 3526255, at *15 (D. Mass. Aug. 16, 2017) ("arguments raised for the first time in the reply brief are considered waived").  Moreover, there are no "exceptional circumstances" present here that could possibly support allowance of new arguments.  Defendants' choice not to include an argument regarding adding a new affirmative defense in their opening Motion may not be good lawyering, but it certainly is not an "exceptional circumstance" warranting Defendants a second chance to correct their failure.

Finally, Defendants' motion for leave to file a reply contradicts the Court's intent expressed at the status conference to quickly resolve the Motion to Amend.  To that end, Astellas agreed to and filed its opposition on an expedited schedule, within five business days of the conference.  Allowing Defendants a reply would be contrary to the Court's stated interest in resolving the Motion efficiently and quickly.  Indeed, Defendants want ***three additional days*** (*i.e.,* 72 hours) after the Court decides this motion to file their reply motion (in the event the Court grants them leave to file it).  (D.I. 78 at 1.)

4

The Court should deny Defendants' motion for leave to file a reply.  To the extent the Court allows Defendants to file a reply, it should be limited in scope to responding to arguments about the amended counterclaims.  Defendants should not be permitted to raise any new arguments regarding the affirmative defense of statute of limitations.

Dated: August 1, 2019                           Respectfully submitted,

                                                /s/ Charles H. Sanders
                                                Charles H. Sanders (BBO# 646740)
                                                LATHAM & WATKINS LLP
                                                John Hancock Tower, 27th Floor
                                                200 Clarendon Street
                                                Boston, MA 02116
                                                Telephone: (617) 948-6022
                                                Facsimile: (617) 948-6001
                                                charles.sanders@lw.com

                                                Michael A.  Morin (pro hac vice)
                                                David P.  Frazier (pro hac vice)
                                                Rebecca L.  Rabenstein (pro hac vice)
                                                LATHAM & WATKINS LLP
                                                555 Eleventh Street, NW, Suite 1000
                                                Washington, DC  20004
                                                Telephone: (202) 637-2200
                                                Facsimile: (202) 637-2201
                                                michael.morin@lw.com
                                                david.frazier@lw.com
                                                rebecca.rabenstein@lw.com

                                                Lauren K.  Sharkey (pro hac vice)
                                                LATHAM & WATKINS LLP
                                                330 North Wabash Avenue, Suite 2800
                                                Chicago, IL 60611
                                                Telephone: (312) 876-7700
                                                Facsimile: (312) 993-9767
                                                lauren.sharkey@lw.com

                                                *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent via first class mail on August 1, 2019 to those identified as non-registered participants.


/s/ Charles H. Sanders _____
Charles H. Sanders