```
 1                    UNITED STATES DISTRICT COURT

 2                      DISTRICT OF MASSACHUSETTS

 3    _____

 4    ASTELLAS INSTITUTE FOR
      REGENERATIVE MEDICINE, ET AL.,
 5
                          Plaintiffs,        Civil Action
 6                                           No. 17-cv-12239-ADB
      v.
 7                                           October 15, 2018
      IMSTEM BIOTECHNOLOGY, INC. ET AL.,
 8
                          Defendants.        Pages 1 to 10
 9    _____

10

11
                    TRANSCRIPT OF SCHEDULING CONFERENCE
12              BEFORE THE HONORABLE ALLISON D. BURROUGHS
                       UNITED STATES DISTRICT COURT
13                   JOHN J. MOAKLEY U.S. COURTHOUSE
                            ONE COURTHOUSE WAY
14                          BOSTON, MA   02210

15

16

17

18

19

20

21

22                    JOAN M. DALY, RMR, CRR
                        Official Court Reporter
23                  John J. Moakley U.S. Courthouse
                    One Courthouse Way, Room 5507
24                         Boston, MA   02210
                         joanmdaly62@gmail.com
25
```


```
 1    APPEARANCES:

 2
      FOR THE PLAINTIFFS:
 3
              DAVID P. FRAZIER, Ph.D.
 4            REBECCA L. RABENSTEIN
              Latham & Watkins LLP
 5            555 Eleventh Street, N.W.
              Suite 1000
 6            Washington, DC 20004
              202.637.2200
 7            david.frazier@lw.com
              rebecca.rabenstein@lw.com
 8
              TROY K. LIBERMAN
 9            Nixon Peabody LLP
              Exchange Place
10            53 State Street
              Boston, Massachusetts 02109
11            617.345.1281
              tlieberman@nixonpeabody.com
12

13    FOR THE DEFENDANTS:

14            TIMOTHY R. SHANNON
              Verrill Dana LLP
15            One Boston Place
              Suite 1600
16            Boston, Massachusetts 02108
              617.309.2600
17            bstern@verrilldana.com
              tshannon@verrilldana.com
18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S
 2              (The following proceedings were held in open
 3    court before the Honorable Allison D. Burroughs, United
 4    States District Judge, United States District Court, District
 5    of Massachusetts, at the John J. Moakley United States
 6    Courthouse, One Courthouse Way, Boston, Massachusetts, on
 7    October 15, 2018.)
 8              THE CLERK:  This is civil action 17-12239, Astellas
 9    versus ImStem.  Will counsel identify yourselves for the
10    record.
11              MR. FRAZIER:  David Frazier from Latham & Watkins
12    for Astellas.  I'm joined today by Reba Rabenstein also for
13    Astellas.
14              MR. LEIBERMAN:  Troy Leiberman, Nixon & Peabody,
15    for Stem Cell Regenerative Medicine International.
16              MR. SHANNON:  Tim Shannon, Verrill Dana for
17    defendant ImStem.
18              THE COURT:  We have denied the motion to dismiss.
19    Now we're going to get a schedule set.  They are willing to
20    mediate it, it looks like.  It looks like you think you're
21    not ready to mediate it yet.
22              MR. FRAZIER:  That's correct, Your Honor.
23              THE COURT:  I don't force anybody to mediation,
24    except for the last case, unless that's actually what they
25    want to do.  But I don't normally force anybody to mediation
```

1  unless that's what the parties want to do.  I don't know if
2  you're both familiar, you're from out of town, if I'm
3  repeating something you already know, my apologies.
4  　　　　　We have the court mediation program.  You can ask
5  to have it mediated.  It's free.  We can refer to the pool
6  generally.  You can pick your mediator.  You can say anyone
7  but this mediator.  I don't think anyone takes it personally.
8  If you decide you want to mediate, let us know and we'll
9  refer it.  Or if you want to mediate it privately, that's
10 your business, too, but this is free.
11 　　　　　We have the magistrate judges who are here do the
12 mediations, and they are really good.  The other two people,
13 we have Judge Harrington, who was a Federal District Court
14 judge here now, who just does mediations full time.  And
15 Magistrate Judge Collings has been recalled just to do
16 mediations.  So he's also doing them full time.  So if that
17 appeals to you, that's what we'll do.  But I don't force it.
18 It seems like in a case like this it might be productive, but
19 I leave it to you.
20 　　　　　What I would propose here is the schedule you have
21 is largely fine.  I think I would just sort of stop it at
22 September 6 and have you back in then to see where we are
23 rather than kind of go the whole nine yards.  Does that make
24 sense?
25 　　　　　MR. FRAZIER:  That should be fine, Your Honor.

Case 1:17-cv-12239-ADB   Document 100   Filed 09/17/19   Page 5 of 10

5

1     THE COURT: That leaves everything fully briefed
2  and gives us some time to work on the summary judgment
3  motion. It looks to me, given the nature of the case, that
4  you probably need the expert reports before summary judgment.
5  If I can save you some time and money by deferring the expert
6  reports, I would, but it seems to me you'd probably need the
7  experts.
8     MR. FRAZIER: I'd agree with that, Your Honor.
9     MR. SHANNON: I think we will.
10    THE COURT: We'll issue a scheduling order that
11 gives you -- we'll go up through that September 6 date when
12 the replies are due on the summary judgment and the *Daubert*
13 briefs, and we'll either decide the summary judgment motion
14 and bring you back in, or we'll have you back in for argument
15 if it looks like it needs it. I know you all are
16 contemplating a protective order.
17    MR. FRAZIER: Yes, Your Honor. We have a draft
18 that we're preparing that we'll provide to Mr. Shannon here.
19    THE COURT: If you haven't already, look at some of
20 the other protective orders that I've entered. I have some
21 standard language that I use. I'm trying to deal with the
22 issue of when we're in court and there's documents, and I
23 basically put it all back in my discretion and just say we're
24 going to be in court, and you haven't made other provisions
25 for it. It's up to me in consultation with the parties to

```
 1    decide what stays under seal and what doesn't.
 2              You can take a look at my standard language.  If it
 3    needs to be addressed in some way, if you want to do it, you
 4    can do it.  If you don't do it, I'll just add on my standard
 5    language which you may find sort of Draconian.  So you may
 6    want to do your own.
 7              MR. FRAZIER:  Understood, Your Honor.  We'll check
 8    out the prior orders.
 9              THE COURT:  Okay.  Anything else for today?
10              MR. FRAZIER:  Not for Astellas, Your Honor.
11              MR. SHANNON:  Nothing for ImStem.
12              THE COURT:  We need a date, Karen, for next
13    September.  No.  Actually we don't.  Are you guys committed
14    to summary judgment motions?
15              MR. FRAZIER:  Yes.  I believe it would be helpful
16    in this case, yes, Your Honor.
17              MR. SHANNON:  I am not sure that we are.  We're
18    mindful as keeping the case as lean and quick-moving as
19    possible.  I'm not sure that we'll have summary judgment
20    motions.
21              THE COURT:  I'm happy to try it.  It's sometimes
22    quicker and cheaper just to try it.  Since we're building the
23    summary judgment into the schedule, I'm going to also build
24    in there a date by which you can tell us if there's not going
25    to be a summary judgment motion so we don't lose three months
```

```
 1   sitting around waiting for them.
 2           MR. SHANNON:  Your Honor, may I drop a footnote in
 3   the record?  This may not ever see the light of day again.
 4   I'd like to preserve the opportunity, I won't call it a
 5   right, to petition the Court to revisit this schedule if in
 6   the course of discovery we think it's unlikely that a summary
 7   judgment briefing process would be useful.  This is a very
 8   fact-deep fight, who contributed what to an invention.
 9           It strikes me preliminarily that summary judgment
10   is extremely unlikely to be useful.  It is the ordinary
11   course to build it into the schedule, but we may well find in
12   the course of discovery that there are simply fact questions.
13   And if that's the case, I'd want to come back to the Court
14   and ask that the Court simply try the case.
15           THE COURT:  That's what I was just saying.  If
16   there's not going to be summary judgment motions, you let me
17   know.  I'll give you a date, and we won't leave that time
18   built in.  You have *Daubert* motions built in on the same
19   schedule, though, as your summary judgment motions.
20           MR. FRAZIER:  We do.
21           THE COURT:  The other thing we can do is I could
22   have you in at the end of fact discovery, and we can have a
23   status conference.  Would you prefer to do that?
24           MR. SHANNON:  Yes, Your Honor.
25           MR. FRAZIER:  Yes.
```

1                THE COURT:  I will just tell you, I am going to be
2    very disinclined to grant a *Daubert* motion.  That's a place
3    you can certainly save time and money.  I'll rule on the
4    objections to the expert as we go.  Unless he's really, he or
5    she is really out there, I think it goes to the weight, not
6    the admissibility, and I'm going to be inclined to let it in.
7                Your fact discovery is supposed to be over in
8    March.  So we'll have you in in the middle of March and see
9    where we are.
10               MR. SHANNON:  Thank you.
11               THE COURT:  I'd rather try the case than rule on
12   your summary judgment motion or your *Daubert* motions, but I
13   will, of course, do either.
14               MR. FRAZIER:  We are certainly here to get to trial
15   as well, Your Honor.  I think we were hoping to keep open the
16   possibilities of summary judgment.
17               THE COURT:  That's fine.
18               MR. FRAZIER:  A quick trial, certainly we'll
19   discuss that with the client.
20               THE COURT:  Pet peeves.  Partial summary judgment
21   motions.
22               MR. FRAZIER:  What's the point?
23               THE COURT:  I'd rather just try it.  I'm more
24   familiar with this case than I am with many at this stage of
25   the game because I have reviewed the motion to dismiss, and

1  it does seem pretty fact intensive.
2           MR. SHANNON:  Your Honor, if you bring us back in
3  at the end of March, then I'll put my footnote in bold, if I
4  may, we may well want to revisit the question of whether or
5  not summary judgment briefing, and for that matter now that
6  you've raised it, *Daubert*, if it's really necessary.
7           THE COURT:  That's what I'm bringing you in for.
8  If it's not necessary, I'll give you a trial date.  If it is
9  necessary, we'll set a schedule.  Karen, let's give them a
10 date the middle of March.
11          THE CLERK:  How about Wednesday, March 20 at 3:30?
12          MR. SHANNON:  That's perilously close to
13 St. Patrick's Day.
14          THE COURT:  Hopefully you'll have recovered by
15 then.  I know the older you get, the longer it takes, but
16 that's still a pretty good cushion.  All right.  Anything
17 else for today then?
18          MR. FRAZIER:  No, Your Honor.
19          MR. SHANNON:  Thank you, Your Honor.
20          THE COURT:  We'll see you all in March.
21          (Court recessed at 3:48 p.m.)
22
23
24
25

```
 1                    - - - - - - - - - - - -
 2                         CERTIFICATION
 3
 4            I certify that the foregoing is a correct
 5   transcript of the record of proceedings in the above-entitled
 6   matter to the best of my skill and ability.
 7
 8
 9
10   /s/ Joan M. Daly                      August 26, 2019
11
12   _____         _____
13   Joan M. Daly, RMR, CRR                Date
     Official Court Reporter
14
15
16
17
18
19
20
21
22
23
24
25
```