UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASTELLAS INSTITUTE FOR REGENERATIVE MEDICINE, and STEM CELL & REGENERATIVE MEDICINE INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> IMSTEM BIOTECHNOLOGY, INC., XIAOFANG WANG, and REN-HE XU, <br><br> Defendants. | C.A. No. 1:17-cv-12239 <br><br> **ORAL ARGUMENT REQUESTED** |

## VERRILL DANA LLP'S MOTION
## TO WITHDRAW AS COUNSEL FOR DEFENDANTS

Pursuant to Local Rule 83.5.2(c)(2) and Mass. R. Prof. Cond. 1.16(b) and (c), Verrill Dana LLP ("Verrill") moves for leave to withdraw its appearance on behalf of ImStem Biotechnology, Inc., Xiaofang Wang, and Ren-He Xu (collectively, "Defendants"). In support of the instant motion, Verrill states as follows.

1. Shortly after the commencement of the instant action, Verrill and the Defendants entered into a written engagement. Verrill provided Defendants with a letter that set forth the terms and conditions of Verrill's representation. Defendants agreed, in writing, to such terms and conditions.

2. There are additional facts and circumstances that Verrill believes, in good faith, support the instant Motion, but which Verrill has omitted from this public filing in deference to client confidentiality and the attorney/client relationship. *See, e.g.,* American Bar Association Formal Opinion 476 (December 19, 2016); Mass. Bar Association Committee on Professional

Ethics Opinion No. 96-3 (March 1996); *see also* Constance V. Vecchione, Maintaining Confidentiality when Withdrawing from Representation (February 1998), *available at* https://bbopublic.blob.core.windows.net/web/f/withdraw.pdf.[1]

3.  Verrill is prepared to provide further information reasonably necessary for the Court to make an informed decision on the instant motion. *Id*. Verrill requests leave to do so via an *ex parte* hearing, given the nature of the facts and issues.[2] *Id*.

4.  Verrill believes there is good cause to allow the instant Motion, including professional considerations and an irretrievable breakdown in the attorney/client relationship.

5.  Verrill provided Defendants with notice of Verrill's potential withdrawal, and the grounds thereof, several weeks ago.

6.  Verrill believes that its withdrawal can be done with (at most) modest prejudice to the Defendants. Fact discovery is closed and expert reports have been exchanged. If necessary, Verrill is prepared to take and defend expert depositions, which are scheduled to end by December 4, 2019. After expert discovery is over, the case is at a natural inflection point. Trial is not until April 2020.

7.  Verrill has informed Defendants of all of the scheduling deadlines in this case (Dkt. 106), and of the Court's holding that pretrial deadlines may be adjusted. *See* Dkt. 111 at n. 1 ("While *the parties are free to propose alternate pretrial deadlines*, this case will be tried on April 27, 2020 either as a jury trial or a bench trial based on the remaining claims at that time.") (emphasis added).

---

[1] At the time the article was written, Ms. Vecchione was the First Assistant Bar Counsel at the Massachusetts Board of Bar Overseers ("BBO") Office of Bar Counsel, and the article is presently available on the BBO's website. Ms. Vecchione retired on January 4, 2018, after 38 years of service in the BBO Office of Bar Counsel (including the last 12 as Bar Counsel).

[2] Verrill recognizes that some aspects of the hearing (*e.g.* next steps and case scheduling) could be held openly, if necessary.

8. Verrill has provided a copy of this motion to Defendants.

**WHEREFORE**, for the aforementioned reasons, Verrill respectfully requests the Court allow its Motion for Leave to Withdraw and allow all attorneys associated with Verrill Dana LLP who have entered appearances in this matter to withdraw from this action. In the alternative, Verrill respectfully requests that the Court allow it to present additional information during an *ex parte* hearing.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(c), Verrill respectfully requests oral argument, either in an *ex parte* hearing or otherwise, because it believes it will assist the Court in resolving the issues raised by the instant Motion.

November 15, 2019

Respectfully submitted,

VERRILL DANA LLP

/s/ Timothy Shannon
Timothy R. Shannon, MA Bar # 655325
VERRILL DANA LLP
One Portland Square
P.O. Box 586
Portland, Maine 04112-0586
(207) 774-4000
tshannon@verrilldana.com

Benjamin M. Stern, MA Bar # 646778
VERRILL DANA LLP
One Federal Street
Boston, Massachusetts 02108
(617) 309-2600
bstern@verrilldana.com

*Attorneys for Defendants*

## CERTIFICATE OF CONSULTATION

Pursuant to Local Rule 7.1, I certify that I have conferred with counsel for the Plaintiffs on November 14, 2019 regarding the relief requested herein. Counsel for Plaintiffs have indicated that they oppose the relief requested herein.

/s/ Timothy Shannon
Timothy R. Shannon

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2019, I caused a true copy of the foregoing document to be served upon all counsel of record via the Court's CM/ECF electronic filing system, as well as upon Defendants ImStem Biotechnology, Inc., Xiaofang Wang, and Ren-He Xu via e-mail.

/s/ Timothy Shannon
Timothy R. Shannon

13273207_8