UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASTELLAS INSTITUTE FOR REGENERATIVE MEDICINE, and STEM CELL & REGENERATIVE MEDICINE INTERNATIONAL, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>IMSTEM BIOTECHNOLOGY, INC., XIAOFANG WANG, and REN-HE XU,<br><br>    Defendants. | C.A. NO. 1:17-cv-12239-ADB |

**PLAINTIFFS' OPPOSITION TO VERRILL DANA LLP'S MOTION
TO WITHDRAW AS COUNSEL FOR DEFENDANTS**

Plaintiffs Astellas Institute for Regenerative Medicine and Stem Cell & Regenerative Medicine International, Inc. (collectively "Astellas") respond to Verrill Dana LLP's Motion to Withdraw as Counsel for Defendants as follows:

**Verrill Dana's Motion to Withdraw As Counsel**

1.    Counsel for Astellas and counsel for Defendants spoke about Verrill Dana's motion to withdraw on November 14, 2019. Counsel for Plaintiffs explained they would oppose Verrill Dana's motion to withdraw to the extent it would change the current trial date or cause any other dates or events scheduled in this case to be changed or repeated.

2.    This case is set for trial on April 27, 2020, with expert depositions to conclude on December 4, 2019, and summary judgment motions due on December 19, 2019. Of particular concern, Verrill Dana's motion makes clear that no replacement counsel has been retained to step into the case, and there is no indication of how long it would take Defendants to find such

replacement counsel.  Providing time for Defendants to find new counsel this late into the case will severely impact this case's schedule and trial date.

3. This matter has been pending since November 2017, and it would be unfair to Astellas to postpone the trial date at this juncture, regardless of whether replacement counsel is obtained by Defendants.  Throughout the last two years, Defendants have hindered and delayed the progression of this case by their refusal to produce timely written and document discovery, deferral in offering witnesses for deposition, and late amendment of their causes of action.  *See* D.I. 75 at 15-18 (providing examples of Defendants' delays).  For instance, Defendants' responses to Plaintiffs' First Set of Interrogatories were due on Monday, February 25, 2019, and only *after* the close of business on February 25 did Defendants notify Astellas that they would not be serving their responses that day and requested a three day extension. Even with the extension, Defendants did not serve their responses until March 6, 2019, after Astellas had followed up twice on March 1 and March 4.  Similarly, Defendants did not respond to Astellas' Second Set of Interrogatories on their due date (June 28, 2019).  Worse, Defendants completely failed to ask for an extension until nearly two weeks after the deadline, and did so only after Astellas' repeated inquiries (on June 29, July 2, 10, and 15, 2019) and statement that Astellas would seek sanctions for Defendants' non-compliance and non-responsiveness.

4. Defendants production of documents was likewise dilatory, where for months Defendants postponed producing documents from after 2015, emails from ImStem CEO Michael Men, and all of the lab notebooks kept by Defendant Xiaofang Wang (the latter of which was only produced after making Astellas' counsel fly to Connecticut on one day's notice for an inspection of notebooks after Dr. Wang revealed that he had personally (and improperly) redacted his own laboratory notebooks for alleged "irrelevant" subject matter without attorney oversight and

"forgotten" about another lab notebook). Likewise, despite Astellas' service of notices of deposition of Defendants' witnesses on February 6, 2019, Defendants did not offer depositions dates until June 2019. Finally, Defendants filed a belated motion for leave to file amended counterclaims to add correction of inventorship claims to Astellas' '321 patent, which led to multiple new depositions and written discovery late in the case.

5. Defendants' delaying tactics and failure to comply with Court-ordered discovery deadlines has, in fact, continued since the Court's most recent order. For example, the Court ordered that the parties respond to written discovery on the "narrow issue of breach of contract" by 11:59 pm Eastern on Friday, October 11. (Dkt. No. 111 at 7.) Defendants refused to provide a fulsome response, objecting that they needed to see Astellas' responses to Defendants' interrogatories first and purporting to reserve the right to update their response after receipt of Astellas' responses. Notably, now over a month later, Defendants still have not updated their interrogatory responses and none of Defendants' experts addressed the breach of contract analysis in Astellas' Opening Expert Report of Dr. Lisa Fortier (served Oct. 4, 2019) in their responsive reports.

6. Indeed, the Court has recognized Defendants' obstruction in this case stating it was "disingenuous for Defendants to suggest that the tight timeline the Court now faces for deciding summary judgment, which is almost entirely of Defendants' own making, is a reason to disallow Plaintiffs' proposed amendment" to Astellas' complaint. (*Id.* at 6).

7. Astellas opposes this motion because Defendants' improper delays have impeded this case from being decided on its merits. Astellas will be prejudiced by the granting of this motion to the extent it results in postponement of trial and/or rescheduling of other case deadlines.

8. Regardless of how the Court rules on this motion, in order to mitigate prejudice to Astellas, Astellas respectfully requests that the Court confirm in its decision that (1) all closed phases of this case remain closed (i.e. fact and expert discovery will not be reopened for new counsel); (2) at a minimum, current counsel remain through the end of expert depositions which conclude on December 4, 2019; (3) all deadlines set forth in the Court's amended scheduling order of September 26, 2019 (Dkt. No. 106) remain in place; and (4) trial will proceed as scheduled on April 27, 2020.

**Verrill Dana's Motion, in the Alternative, for *Ex Parte* Submissions and Hearing**

9. As to Verrill Dana's request that the Court, in the alternative, allow it to present additional information during an *ex parte* hearing, Astellas does not oppose Verrill Dana submitting materials or having a hearing. While Astellas understands that information regarding counsel's withdrawal may appropriately be submitted to the Court *ex parte*, Astellas does have a right to know the general reason for the withdrawal in the event it may relate to any claims, defenses, or damages theories in this case. *See Team Obsolete Ltd. v. A.H.R.M.A. Ltd*., 464 F. Supp. 2d 164, 165 (E.D.N.Y. 2006) ("The plaintiffs are hereby informed, however, as the relevant case law indicates they should be, that the basis for Westerman Ball's motion to withdraw is a dispute regarding AHRMA's failure to pay its legal bills.") (*citing Harrison Conference Servs., Inc. v. Dolce Conference Servs., Inc*., 806 F. Supp. 23, 25 (E.D.N.Y. 1992). Therefore, Astellas requests the general basis for Verrill Dana's motion to withdraw be disclosed.

10. Similarly, if upon review, the Court determines that any materials or information submitted *ex parte* are not privileged and are potentially relevant to the litigation, Astellas requests that these materials be produced to it. *See Amsted Indus. v. Buckeye Steel,* No. 01 C 3336, 2002 WL 31455958, at *1 (N.D. Ill. Nov. 1, 2002) (Court ruling on motion to withdraw with documents

submitted *in camera* stating that "if I were to find that these documents were not privileged and that Amsted was entitled to have them, I would order Banner & Witcoff to produce them.").

Dated: November 18, 2019                Respectfully submitted,

/s/ David P. Frazier
Charles H. Sanders (BBO# 646740)
LATHAM & WATKINS LLP
John Hancock Tower, 27th Floor
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6022
Facsimile: (617) 948-6001
charles.sanders@lw.com

Michael A. Morin (pro hac vice)
David P. Frazier (pro hac vice)
Rebecca L. Rabenstein (pro hac vice)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
michael.morin@lw.com
david.frazier@lw.com
rebecca.rabenstein@lw.com

Lauren K. Sharkey (pro hac vice)
Brenda L. Danek (pro hac vice)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
lauren.sharkey@lw.com
brenda.danek@lw.com

Yi Sun (pro hac vice)
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
Telephone: (858) 523-5400
Facsimile: (858) 523-5450
yi.sun@lw.com

*Counsel for Plaintiffs*

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent via first class mail on November 18, 2019 to those identified as non-registered participants.

                                                   /s/ David P. Frazier
                                                    David P. Frazier