# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ASTELLAS INSTITUTE FOR REGENERATIVE MEDICINE, and STEM CELL & REGENERATIVE MEDICINE INTERNATIONAL, INC., ) ) ) ) ) Plaintiffs, ) ) v. ) ) IMSTEM BIOTECHNOLOGY, INC., XIAOFANG WANG, and REN-HE XU, ) ) ) Defendants. ) ) | C.A. NO. 1:17-cv-12239-ADB |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR ORDER TO SET DISPOSITIVE MOTION BRIEFING LIMITS

Defendants Imstem Biotechnology, Inc. ("Imstem"), Xiaofang Wang ("Wang"), and Ren-He Xu ("Xu") (collectively "Defendants") hereby oppose plaintiff Astellas Institute for Regenerative Medicine ("Astellas") Motion for Order to Set Dispositive Motion Briefing Limits (Dkt. 120). After two years of litigation (*see* Dkt. 1, filed 11/13/17), two status conferences, several modifications to the case schedule (*see, e.g.*, Dkts. 44, 57, 68, 106), and with just days to go before summary judgment briefs are due, Astellas is asking the Court to fundamentally alter the summary judgment process: doubling the number of pages and tripling the number of motions the Local Rules contemplate. Astellas never explains this delay, or why it did not (or could not) raise this issue during the Court's consideration of any of the multiple Scheduling Orders. Most important, Astellas never explains why this particular case warrants a departure from the Rules. Defendants respectfully request denial of Astellas's eleventh-hour request.

We start with the Rules.  Local Rule 7.1(b)(4) states that "Memoranda supporting or opposing allowance of motions shall not, without leave of court, exceed 20 pages, double-spaced."  L.R. 7.1(b)(4).  That 20-page limit would be rendered meaningless if parties were free to break up their otherwise-overlong briefs into a set of multiple parallel briefs.  Put differently, the Rules implicitly limit the number of motions to one, absent leave of Court.  Astellas seems to acknowledge as much by filing its Motion – which would have been better and more accurately styled as a Motion to Expand Briefing Limits and Allow Multiple Summary Judgment Motions.

Astellas's suggestion that the Local Rules permit multiple summary judgment motions is incorrect.  The Local Rules refer to "Motion<u>s</u>" for summary judgment because the Rules permit each side to file one.  L.R. 56.1.  Their use of the plural has everything to do with the fact that litigation involves multiple parties, not multiple briefs per party.  Likewise, Astellas's suggestion that the Court has already blessed multiple motions by referring to "motions" in its Scheduling Orders is baseless (and oddly inconsistent with the filing of the instant Motion).  *Cf.* Mot. at 2.  The Court, like the Local Rules, was setting forth deadlines for multiple parties.  Moreover, even assuming Astellas's (incorrect) reading of the Local Rules, there can be no dispute that they do not permit more than 20 pages for opening and opposition briefs, respectively.

Astellas's case law misses the mark.  *Securities and Exchange Commission v. Tropikgadget FZE et al.*, No. 1:15-cv-10543-ADB (D. Mass.) involved a civil action by the U.S. Securities & Exchange Commission against 2 companies, 15 individual defendants, and several "relief defendants."  The two motions for summary judgment in that case were against different sets of defendants, in fundamentally different postures.  One of the motions was filed early so that the motions were staggered and the parties' energies were spread over time.  By comparison, the Defendants in this case are not nearly as diverse or numerous as in *Tropikgadget FZE*.

Further, Astellas is seeking to burden the Defendants (and the Court) with three summary judgment motions, all of which will (presumably) be directed to all three Defendants, jamming twice as much summary judgment briefing into the originally-scheduled window. *ACQIS, LLC. v. EMC Corp.*, No. 1:14-cv-13560-ADB (D.Mass.) is similarly inapposite. That case involved 11 patents, a number of complex legal issues, and in any event the briefing was agreed by joint motion and allowed without comment by the Court (which denied at least one of the motions on the ground that it would not "narrow the issues for trial." (Dkt. 641)). The Defendants have not joined the instant Motion.

Most important, Astellas never identifies the "issues" it needs to address, nor any particular reasons for needing extra briefing (such as diverse, unique, or novel legal questions), nor how doubling the number of pages would narrow the issues for trial. Inventorship is by its nature complicated and fact-intensive and not ordinarily amenable to summary judgment. Astellas is asking the Court to accept an avalanche of paper – up to 170 pages of briefing – without explanation.[1] The Court would face voluminous Local Rule 56.1 certifications, exhibits, and affidavits. All this, with no assurance that any of it would narrow the issues for trial or streamline the case.

Finally, the Court can and should consider proportionality. ImStem is a small start-up company of eight employees. Rule 1 of the Federal Rules of Civil Procedure admonishes the parties and Court to construe and administer the Rules to secure the "just, speedy, and *inexpensive* determination of every action and proceeding." Fed.R.Civ.P. 1 (emphasis added). Rule 26 has likewise recently been amended such that the Court must, in the discovery context,

---

[1] Although Astellas's Motion only asks for 40 pages, per side, for opening briefs (for a total of 80 pages), fairness would dictate that the parties should, in that circumstance, each get 40 pages for opposition briefs (for another 80 pages). Reply briefs, if allowed by the Court, could be up to 5 pages (for 10 pages).

3

consider "the parties' resources." Fed.R.Civ.P. 26(b)(1). Defendants believe that the Court should do so here as well, particularly given Astellas's failure to tie its request to the circumstances and procedural history of this case. Astellas's Motion lists seven lawyers working on the case and, together with plaintiff SCRMI and its in-house lawyers who have attended depositions and are under the Protective Order, has devoted more lawyers to this case than ImStem has employees. Astellas has turned a straightforward inventorship dispute into a multi-count campaign. It risks being so financially burdensome to ImStem as to distort the fact-finding and truth-seeking functions of the judicial system.

In sum, the Court should deny Astellas's request as untimely, unnecessary, unreasonable, and not in the interests of justice. Twenty pages of opening briefing, plus the Local Rule 56.1 Statement and supporting materials, will give the parties ample opportunity to explain any reasonable bases for summary judgment in this case.

**WHEREFORE**, Defendants respectfully request that the Court deny Plaintiffs' Motion for Order to Set Dispositive Motion Briefing Limits (Dkt. 120) and clarify that the parties may only file one summary judgment motion, 20 pages in length (plus any L.R. 56.1 Statement of Facts).

Dated:  December 17, 2019

Respectfully submitted,

IMSTEM BIOTECHNOLOGY, INC., REN-HE XU and XIAOFANG WANG,

By their Attorneys,

/s/ *Timothy Shannon*
Timothy R. Shannon, MA Bar # 655325
VERRILL DANA LLP
One Portland Square
P.O.  Box 586
Portland, Maine 04112-0586
(207) 774-4000
tshannon@verrill-law.com

Benjamin M. Stern, MA Bar # 646778
VERRILL DANA LLP
One Federal Street
Boston, Massachusetts 02108
(617) 309-2600
bstern@verrill-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF and paper copies will be sent to those indicated as nonregistered participants.

Dated:  December 17, 2019

/s/ *Timothy Shannon*
Timothy R. Shannon

13395246_3