UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASTELLAS INSTITUTE FOR REGENERATIVE MEDICINE, and STEM CELL & REGENERATIVE MEDICINE INTERNATIONAL, INC., <br><br>     Plaintiffs, <br><br>  v. <br><br> IMSTEM BIOTECHNOLOGY, INC., XIAOFANG WANG, and REN-HE XU, <br><br>     Defendants. | C.A. No. 1:17-cv-12239 |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
SUPPLEMENTAL STATEMENT OF FACTS**

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, Defendants ImStem Biotechnology Corp., Xiofang Wang, and Ren-He Xu (collectively, "Defendants") hereby respond to the numbered paragraphs of Plaintiffs' Supplemental Statement of Facts filed in opposition to the Defendant's Corrected Statement of Undisputed Material Facts ("Plaintiffs' Response to Defendants' Corr. SMF") (Dkt. 144) as follows:

As an initial matter, we note that the bulk of Plaintiffs' 45 page "response" to the Defendants' 12 page Corrected SMF is comprised of (1) impermissible argument addressing issues Defendants raised in their Corrected Memorandum, which circumvents the Courts' Order setting forth briefing length (Dkt. 124), *see, e.g.*, Plaintiffs' Response to Defendants' Corr. SMF ¶ 8 ("Astellas disputes that this allegation supports Defendants' related allegation in their brief . . . ."); *id.* ¶¶ 9, 11-13, 17, 38 (same); (2) misdirection and obfuscation, *see, e.g.*, *id.* ¶ 26 ("Defendants do not cite this paragraph in their Corrected Memorandum . . . ."); and/or (3) non-

1

responsive statements, *see, e.g., id.* ¶ 15 (discussing the '321 patent in response to allegations regarding the '551 patent). The Court should ignore these impermissible aspects of Plaintiffs' response and instead focus on whether Plaintiffs have actually proffered facts to dispute Defendants' factual assertions.

118. Paragraph 118 is not a material fact for the present motion. No party has alleged that the August 11, 2010 email is part of the alleged "contract." Regardless, to the extent that statements in Paragraph 118 are characterizations, opinions, or conclusions of fact, they are inappropriate and are denied. To the extent that such statements accurately quote the exact words of the document, they are undisputed. Defendants respectfully refer the Court to the cited document for a complete understanding of the text.

119. To the extent that Paragraph 119 contains characterizations, opinions, or conclusions of fact, they are impermissible and are denied. Paragraph 119 is undisputed for the purposes of the present motion to the extent that it accurately quotes the cited language but Defendants respectfully refer the Court to the entirely of the document, which is a lengthy email thread, for a complete understanding of the text.

120. Paragraph 120 is undisputed for the purposes of the present motion to the extent that it accurately quotes the cited language but Defendants respectfully refer the Court to the entirely of the document, which is a lengthy email thread, for a complete understanding of the text.

121. Paragraph 121 is undisputed for the purposes of the present motion to the extent that it accurately quotes the cited language but Defendants respectfully refer the Court to the entirely of the document, which is a lengthy email thread, for a complete understanding of the text.

122.   Paragraph 122 is not a "fact," nor is it admissible evidence.  Rather, the cited subsection of Dr. Fortier's report is improper expert testimony; she admitted that she was unqualified to render such opinions.  *See* Declaration of Timothy R. Shannon in Support of Defendants' Opposition to Plaintiffs' Motion for Partial Summary Judgment, Ex. 15 (Dkt. 154).  Regardless, disputed.  Drs. Wang and Xu had prior experience with MSCs and treatment of multiple sclerosis.  *See* Supp. Shannon Decl. Ex. 8 (draft of MSC Book Chapter (IMSTEM42283-42383) (describing *inter alia* hESC-MSC technology); Supp. Shannon Decl. Exs. 6-7 (documents marked Ex. 86 and 87 at the Deposition of Xu (dated July 3, 2019)) (*i.e.*, Chinese business plan concerning inter alia hESC-MSCs); *see, e.g.,* Supp. Shannon Decl. Ex. 4 (Wang Depo Tr. at 383:15-16) ("Slides, yeah. ES-MSC is part of it. And not only – there's other ideas as well.").

123.   Paragraph 123 is not material for the present motion.  Regardless, to the extent that statements in Paragraph 123 are characterizations, opinions, or conclusions of fact, they are inappropriate and are denied.  As a preliminary matter, it is unclear what "this agreement" is referring to in Paragraph 123.  Dr. Xu did testify about the December 2011 email and the movement of "cells or protocols," none of which were transferred to third parties (other than, per Astellas's contention, to the PTO after such protocol had already been sent to the PTO by Astellas), not any broader relationship or agreement.  Further, at Xu Dep. Tr. 68:17-69:2, Dr. Xu specifically did *not* agree that this particular relationship/collaboration had restrictions on disclosure.  Rather, he said he "totally reli[ed]" on Dr. Wang to understand the scope and limits of this particular collaboration.  Further, Dr. Xu testified that any restrictions were mutual and that Dr. Lanza violated it.  *See* Sharkey Decl. Ex. 40 (Xu Dep. Tr.) at 117-118.  Defendants

3

respectfully refer the Court to the entirely of the deposition testimony for a complete understanding of the text.

      124.    Paragraph 124 is not material for the present motion.  To the extent that statements in Paragraph 124 are characterizations, opinions, or conclusions of fact, they are inappropriate and are denied.  It is undisputed that the parties' joint collaboration continued until June, 2014 and that the parties each sent and received information from the other during the course of their collaboration.

      125.    Paragraph 125 is disputed, at least because it is pure speculation and Plaintiffs' statement and characterization of the "possible" length of the "collaboration" is unsupported by any record evidence.  Rather, it is undisputed that the parties' joint collaboration lasted more than a year (until June, 2014).  *See* Plaintiffs' Response to Defendants SMF, ¶ 30.  Regardless, Further, Paragraph 125 is not a "fact" but is a legal conclusion for the Court to reach as part of its legal assessment of whether or not the Statute of Frauds applies in this case.

      126.    Paragraph 126 is not material for the present motion, other than that the parties agree that the publication of this joint paper, in June, 2014, was the end of their collaboration.  *See* Plaintiffs' Response to Defendants SMF, ¶ 30.  Regardless, Paragraph 126 is undisputed for purposes of the present motion.

Dated: January 17, 2020

    IMSTEM BIOTECHNOLOGY, INC.;
    DR. XIAOFANG WANG; and
    DR. REN-HE XU

    By their attorneys,

    /s/ *Timothy R. Shannon*
    Timothy R. Shannon, MA Bar # 655325
    VERRILL DANA LLP
    One Portland Square
    P.O. Box 586
    Portland, Maine 04112-0586
    (207) 774-4000
    tshannon@verrill-law.com

    Benjamin M. Stern (BBO# 646778
    VERRILL DANA LLP
    One Federal Street, 20th Floor
    Boston, MA 02110
    (617) 309-2600
    bstern@verrill-law.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 17, 2020, I caused a true copy of the foregoing document to be served upon all counsel of record via the Court's CM/ECF electronic filing system.

Charles H. Sanders (via email; Charles.Sanders@lw.com)
LATHAM & WATKINS LLP
John Hancock Tower, 27th Floor
200 Clarendon Street
Boston, MA 02116

David P. Frazier (via email; David.Frazier@lw.com)
Rebecca L. Rabenstein (via email; Rebecca.Rabenstein@lw.com)
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Ste. 1000
Washington, DC 20004

*Counsel for Plaintiffs*

                                                        /s/ *Timothy R. Shannon*
                                                        Timothy R. Shannon