UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ASTELLAS INSTITUTE FOR REGENERATIVE MEDICINE, and STEM CELL & REGENERATIVE MEDICINE INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> IMSTEM BIOTECHNOLOGY, INC., XIAOFANG WANG, and REN-HE XU, <br><br> Defendants. | C.A. NO. 1:17 cv--12239 ADB |

**ASSENTED-TO DEFENDANTS' MOTION AND INCORPORATED MEMORANDUM FOR CONTINUANCE OF FINAL PRE-TRIAL CONFERENCE AND TRIAL**

Pursuant to Fed.R.Civ.P. 7 and L.R. 7.1 and 40.3, Defendants Imstem Biotechnology, Inc. ("Imstem"), Xiaofang Wang ("Wang"), and Ren-He Xu ("Xu") (collectively "Defendants") seek a continuance of the upcoming Final Pre-Trial Conference (April 6, 2020 at 2:00 p.m.) and Trial (April 27, 2020), and of the remaining deadlines in the Court's Amended Scheduling Order and Pretrial Order (Dkt. 106) in light of the unprecedented global coronavirus pandemic. Defendants and their counsel cannot meaningfully prepare for trial.

Defendants' and Plaintiffs' counsel have conferred. Plaintiffs assent to the requested relief. If the Motion is granted, Defendants (also with Plaintiffs' assent) request a status conference with the Court in approximately 60 days or at the Court's convenience to discuss the rescheduling of the Final Pretrial Conference and Trial.

**STANDARD**

Local Rule 40.3 governs a motion for continuance of a trial, hearing, or any other

proceeding. Such a motion "will be granted only for good cause."

## FACTUAL BACKGROUND

In December 2019, Chinese authorities detected a new coronavirus strain known as SARS-CoV-2 in Wuhan, Hubei Province, People's Republic of China, apparently causing an outbreak of a new coronavirus disease, COVID-19.[1] On January 11, 2020, the Chinese government reported the first COVID-19 death. Two weeks later, the Chinese government placed Wuhan on lockdown. On January 31, 2020, the United States banned entry to all foreign nationals who had been present in China in the prior 14 days.[2] Soon pockets of the disease appeared in Iran, Italy, France, Spain, and South Korea.[3] On March 10, 2020, Governor Baker declared a State of Emergency citing "the worldwide outbreak of COVID-19 and the effects of its extreme risk of person-to-person transmission throughout the United States and the Commonwealth [that] significantly affect the life and health of our people." Ex. 1 (Executive Order) at 1.[4] On March 11, 2020, the World Health Organization declared the COVID-19 outbreak a "global pandemic."[5] By March 12, 2020, the U.S. capital markets had lost over $11T of value.[6] On March 13, 2020, the President issued a Proclamation on Declaring a

---

[1] Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak, available at whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak.

[2] Corkery M. & Karni A., *Trump Administration Restricts Entry Into U.S. From China* (N.Y. Times, Jan. 31, 2020) (available at https://www.nytimes.com/2020/01/31/business/china-travel-coronavirus.html).

[3] *Coronavirus: Outbreak Spreads In Europe From Italy* (BBC, Feb. 26, 2020) (available at https://www.bbc.com/news/world-europe-51638095).

[4] Mass. Exec. Order No. 591 (Mar. 10, 2020): Declaration of a State of Emergency to Respond to COVID-19. All exhibits are attached to the accompanying Declaration of Timothy R. Shannon in Support of Defendants' Motion for Continuance.

[5] McNeil, Jr., D., *Coronavirus Has Become a Pandemic, W.H.O. Says* (N.Y. Times, Mar. 11, 2020) (available at https://www.nytimes.com/2020/03/11/health/coronavirus-pandemic-who.html).

[6] Winck, B., *The US stock market has now wiped out the entire $11.5 trillion of value it gained since Trump's 2016 election victory* (Business Insider Mar. 12, 2020) (available at https://markets.businessinsider.com/news/stocks/stock-market-outlook-2016-trump-win-gains-erased-coronavirus-risks-2020-3-1028991585).

National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak. Ex. 2.[7] On March 23, 2020, Governor Baker issued an Emergency Order directing all "nonessential businesses" and organizations in Massachusetts to close their physical workspaces and facilities to employees and the public until at least April 7, 2020. Ex. 3 (COVID-19 Order No. 13).[8]

Defendants' counsels' offices are shut. Counsel are working from laptops at home. Lead counsel (Attorneys Shannon and Stern) each have three children at home. Schools are closed. Childcare is unavailable.

Defendants' fact witnesses are unavailable for trial preparation. Defendant Dr. Xu lives in Macau and travels via Hong Kong; Defendant ImStem's CEO, Dr. Men, lives in mainland China. Both are concerned for their safety on a 20+ hour flight to Boston, quite apart from the risk of quarantine in the United States or the certainty of quarantine upon their return. Under the Court's current General Order 20-1, even if Dr. Men were willing to risk the flight from China to fly to a closed office in a COVID-19 hotspot, the Court's General Order 20-1 prohibits him from appearing in this Court.[9] Dr. Xu suffers a medical condition – hypertension – that places him at a higher risk of death if he were to become infected.[10] The third fact witness, Defendant

---

[7] Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak, available at whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak.

[8] COVID-19 Order No. 13: Order Assuring Continued Operation of Essential Services in the Commonwealth, Closing Certain Workplaces, and Prohibiting Gatherings of More Than 10 People. Legal services have been defined as essential only "when necessary to assist in compliance with legally mandated activities and critical sector services or where failure to provide such services during the time of the order would result in significant prejudice." *Id*. at Ex. A.

[9] General Order 20-1 (Mar. 12, 2020) (providing that persons who have travelled to certain countries within the last fourteen days, including China, "shall not enter any courthouse or probation office in the District of Massachusetts".

[10] *Top Coronavirus Doctor in Wuhan Says High Blood Pressure Is Major Death Risk* (Bloomberg News, Mar. 9, 2020) (available at https://www.bloomberg.com/news/articles/2020-03-09/top-virus-doctor-says-high-blood-pressure-is-major-death-risk).

Wang, resides in Connecticut where the Governor has urged residents to stay home.[11] Defendants also face similar difficulties preparing their expert witnesses, including those who live and work in Kansas, Louisiana, and Connecticut.

The Court has continued all jury trials set to begin before April 27, 2020. *See* General Order 20-2 (Mar. 12, 2020). Defendants have not previously sought a continuance of either the Final Pre-Trial Conference or Trial.

At present, there is no indication that COVID-19 will be under control and travel and business restrictions lifted substantially before April 27.

## ARGUMENT

Under these extraordinary circumstances, Defendants cannot prepare a defense in time for an April 27 trial.

Defendants' counsels' offices have been closed, forcing counsel to work from home. Coupled with the fact that children are also home because schools are closed and childcare is unavailable, working hours have been substantially reduced and complicated for lead counsel. Counsel cannot adequately prepare for a two-week trial involving complex technology under these work limitations.

Further, Defendants' counsel cannot meet in person with their fact or expert witnesses to prepare for trial. Counsel and witnesses cannot discuss and review the 700+ trial exhibits in person, resulting in endless and inefficient emails and calls. Nor can they have the kinds of candid, thorough, in-face meetings necessary to prepare for live trial. Witness preparation by email or phone calls is inadequate, particularly where two of Defendants' three fact witnesses live 12 time zones away, making long calls impossible.

---

[11] https://portal.ct.gov/Office-of-the-Governor/News/Press-Releases/2020/03-2020/Governor-Lamont-Releases-Guidance-to-Businesses-on-Order-Asking-Connecticut-to-Stay-Safe-Stay-Home.

Further, Defendants' counsel lack staff support to meaningfully prepare for an April 27 trial. Support staff, paralegals, and associates are all working from home with limited ability to assist with tasks such as preparation and printing of trial notebooks, exhibits, and demonstratives. Due to the business closures and restrictions in place in Massachusetts, Defendants' counsel also cannot meet with some vendors to assist with trial preparation, such as preparation of demonstratives.[12]

Further, Dr. Xu and Dr. Men cannot reasonably travel to the United States right now. Dr. Xu's live testimony will be critical to this trial. This is an inventorship dispute under 35 U.S.C. § 256. As one of the two named inventors of the '551 patent and a counterclaimant for the '321 patent, Dr. Xu is a central witness who participated directly in and has significant personal knowledge about the factual issues at the heart of the parties' disputes. As the First Circuit has recognized, a jury's opportunity to evaluate his credibility based on in-person testimony could be crucial to a reliable resolution of this matter. *See, e.g., Mercier v. Sheraton Int'l, Inc.*, 981 F.2d 1345, 1356 (1st Cir. 1992) (noting that "the fact-finder's opportunity to evaluate [a central witness's] credibility on the basis of in-person testimony could be crucial to a reliable resolution of these factual disputes."). His defense and his claims would be severely prejudiced by having to testify via video. More generally, the Centers for Disease Control have cautioned about the increased risks of exposure presented by travel, such as air travel, public transportation, and crowded public settings (e.g., hotels).

Finally, this Court has recently granted a similar request. On March 23, 2020, Judge Zobel granted Ocean Spray Cranberries, Inc.'s Motion to Adjourn Sine Die All Case Deadlines

---

[12] For example, printers are not in the list of essential businesses allowed to stay open in Massachusetts. https://mass.gov/info-details/covid-19-essential-services.

in *Winters v. Ocean Spray*, 1:12-cv-12016 (D.Mass.) Ex. 4 (Dkt. 396 (Motion) and Dkt. 398 Electronic Order)).

Defendants are mindful of judicial and party economy.  The parties have filed and served various motions *in limine*.  Oppositions are due March 30.  Given their limited nature, Defendants believe (and Plaintiffs have indicated they agree) that the opposition briefs can be drafted remotely and filed on March 30.  The Parties have agreed to reserve their right with respect to seeking leave to file any replies.  Otherwise, Defendants respectfully request that trial preparation should be continued, as set forth herein.

## **CONCLUSION**

Recent state, local, and national emergency regulations – and the guidance of doctors and epidemiologists – have brought meaningful trial preparation to a halt.  Even if the pandemic were to end before the April 6th pre-trial conference, travel and business restrictions were lifted, the Court re-opened on April 27th, and twelve jurors could be found, Defendants would still be prejudiced by their inability to prepare for the trial and by witnesses' inability to appear at trial. Defendants therefore ask the Court to:

1. Continue all deadlines in the Court's Amended Scheduling Order and Pretrial Order, including the April 6, 2020 final pre-trial conference and April 27, 2020 trial date, with the exception of the deadlines for oppositions to motions *in limine* (March 30), the parties reserving their rights regarding reply briefs.

2. Schedule a status conference in approximately 60 days (or at the Court's convenience) to determine the timeline for completing pre-trial preparations and trial.

|  |  |
|---|---|
| March 25, 2020 | Respectfully submitted,<br><br>IMSTEM BIOTECHNOLOGY, INC., REN-HE XU and XIAOFANG WANG,<br><br>By their Attorneys,<br><br>/s/ *Timothy Shannon*<br>Timothy R. Shannon, MA Bar # 655325<br>Martha C. Gaythwaite, MA Bar # 187650<br>VERRILL DANA LLP<br>One Portland Square<br>Portland, Maine 04101<br>(207) 774-4000<br>tshannon@verrill-law.com<br>mgaythwaite@verrill-law.com<br><br><br>Benjamin M. Stern, MA Bar # 646778<br>VERRILL DANA LLP<br>One Federal Street, 20th Floor<br>Boston, Massachusetts 02110<br>(617) 309-2600<br>bstern@verrill-law.com<br><br>*Attorneys for Defendants* |

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

I hereby certify that, on March 25, 2020, counsel for Defendants conferred by telephone with Counsel for Plaintiffs. Plaintiffs indicated they assent to the relief sought in the Motion.

|  |  |
|---|---|
| Dated: March 25, 2020 | /s/ *Timothy Shannon*<br>Timothy R. Shannon |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 25, 2020, I caused a true copy of the foregoing document to be served upon all counsel of record via the Court's CM/ECF electronic filing system.

Charles H. Sanders (BBO#646740) (via email; Charles.Sanders@lw.com)
LATHAM & WATKINS LLP
John Hancock Tower, 27th Floor
200 Clarendon Street
Boston, MA 02116
Tel: (617) 948-6022

Michael A. Morin (via email; Michael.Morin@lw.com)
David P. Frazier (via email; David.Frazier@lw.com)
Rebecca L. Rabenstein (via email; Rebecca.Rabenstein@lw.com)
555 Eleventh Street, N.W., Ste. 1000
Washington, DC 20004
Tel: (202) 637-2200; Fax: (202) 637-2201

                                        /s/ *Timothy Shannon*
                                        Timothy R. Shannon