UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ASTELLAS INSTITUTE FOR REGENERATIVE MEDICINE, and STEM CELL & REGENERATIVE MEDICINE INTERNATIONAL, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. NO. 1:17-cv-12239-ADB |
| v. | ) ) | **ORAL ARGUMENT REQUESTED** |
| IMSTEM BIOTECHNOLOGY, INC., XIAOFANG WANG, and REN-HE XU, | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE*
TO EXCLUDE ARGUMENT, EVIDENCE, AND TESTIMONY
RELATING TO PARTY SIZE, WEALTH, AND ANY IMPACT OF DAMAGES**

Pursuant to this Court's Amended Scheduling Order and Pretrial Order dated September 26, 2019 (Document 106), Fed.R.Civ.P. 7, and L.R. 7.1, Defendants Imstem Biotechnology, Inc. ("Imstem"), Xiaofang Wang ("Wang"), and Ren-He Xu ("Xu") (collectively "Defendants") hereby Oppose Plaintiffs' Motion *in Limine* to Exclude Argument, Evidence, and Testimony Relating to Party Size, Wealth, and Any Impact of Damages (Dkt. 171). The Plaintiffs' motion is a transparent attempt to sanitize the record and create a narrative that is favorable to the Plaintiffs but not consistent with the facts. As explained in more detail below, the Defendants respectfully request that the Plaintiffs' motion be denied.

1

## ARGUMENT

At the time their collaboration with the Plaintiffs began, Defendants Wang and Xu had a two-person laboratory at the University of Connecticut. Dr. Lanza and Dr. Kimbrel, now employees of the Plaintiffs, were working at a small laboratory in Southborough, Massachusetts. During the collaboration, Defendants Wang and Xu began a biotechnology start-up company that now has nine employees. At about the same time, Drs. Lanza and Kimbrel's laboratory was acquired by a pharmaceutical company which, in turn, was acquired by Plaintiff Astellas. These are facts. They are not spin or an artificial attempt to gain the jury's sympathy. To the contrary, the circumstances giving rise to the parties' dispute are important for the jury to know as they consider the claims and defenses. These facts are necessary to provide context, particularly with respect to the statute of limitations defense. As this Court has ruled, "the time by which Plaintiffs knew or should have known that Defendants were pursuing patents alleged to cover the Plaintiffs' HB-MSC technology" are questions of fact that need to be resolved by the jury. *Memorandum and Order on Cross Motions for Summary Judgment,* dated March 4, 2020 (Dkt. 163) at 14. The Plaintiffs' motion seeks to have the jury resolve these important questions in an evidentiary vacuum.

The Plaintiffs' position is not well-taken. Providing factual context is an appropriate and permissible purpose for evidence that pertains to a party's relative wealth. For example, in *Eisenhauer v. Burger*, 431 F.2d 833 (6th Cir. 1970), a case relied on by the Plaintiffs to support their motion, the court held that evidence concerning the size and ownership of the defendant's trucking company was appropriate "background material" and that it was "relevant in order to present a foundation" for understanding the defendant's pre-accident actions. In this case, the

2

jury needs to be able to put the relationship of the parties and their employees into context so that the jury will have a basis for understanding the parties' claims and defenses.

The Plaintiffs' reliance on the decision in *Geddes v. United Financial Group*, 559 F.2d 557 (9th Cir. 1997) is similarly misplaced. In *Geddes*, the plaintiff had received a default judgment against the defendants. The court then erroneously determined that the amount of the judgment should be calibrated based on what the defendants could pay, as opposed to the degree to which the plaintiff had been damaged. In this case, in contrast, the Defendants dispute liability as well as damages. It is their position that the Plaintiffs have not suffered any monetary damage by the Defendants' actions. Because the Plaintiffs have admittedly suffered no monetary damage, they are pressing an unjust enrichment claim which necessarily requires the jury to consider the financial condition of the Defendants. *Sacco v. Circosta*, No. 17-P-251, 2018 WL 2436734, at *2 (Mass. App. Ct. May 31, 2018) ("The [Plaintiff's] burden was to prove by a preponderance of the evidence that [Defendant] was 'unjustly enriched' . . . . Included within this burden is the obligation of the [Plaintiff] to present evidence of the total or gross amount of the defendant's gain, or a reasonable approximation thereof.")

Notably, while moving to exclude evidence of the Defendants' precarious financial situation, it appears that the Plaintiffs intend to offer evidence of their own financial success.[1] Presumably, the purpose of the Plaintiffs' motion – when considered in the context of their list of proposed trial exhibits – is to leave the jury with the false impression that the Defendants are

---

[1] For example, the Plaintiffs have proposed as exhibits: their 2018 Annual Report that lists their size and financial success (PTX 148); a December 2019 U.S. Corporate Profile Report (PTX 124); a December 2018 publication from the R&D Department forecasting future successes and revenues (PTX 131); a January 2011 Press Release announcing their joint venture (PTX 120); a November 2015 Press Release about the Plaintiffs' acquisition of Ocata (PTX 195) as well as the cash tender for purchase of Ocata stock in February 2016 (PTX 121). All of these exhibits highlight the Plaintiffs' size and financial health. The Defendants object to them. Whether or not the exhibits are allowed, their inclusion on the Plaintiffs' list of proposed exhibits belies the statements in the Plaintiffs' motion and confirm that the Plaintiffs want to affirmatively capitalize on their reported successes, while blocking the Defendants from letting the jury know their own situation.

on the same financial footing as the Plaintiffs and would therefore have no difficulty paying the multi-million dollars the Plaintiffs are claiming.  In other words, the Plaintiffs want to introduce evidence of their financial success and prowess; they just do not want the Defendants to offer any evidence that would support their defense.  The Plaintiffs' position would result in fundamental unfairness to the Defendants and would mislead the jury about the true circumstances giving rise the parties' dispute.  It should not be allowed.  Fed.R.Evid 403.

Contrary to the litany of hypotheticals in the Plaintiffs' motion, the Defendants have no intention of introducing any evidence or argument concerning the discovery process or the financial hardship that the Plaintiffs' discovery requests caused the Defendants.  Similarly, the Defendants have no intention of making reference to the size of the law firm the Plaintiffs hired to represent them. The Defendants, however, should be allowed to tell the jury about who they are, how important the technology at issue in the case is to their company, and that they have not been unjustly enriched.  The fact that these Defendants are a hard-working, small group of scientists is a fact of consequence in helping determine the action and would not be unfairly prejudicial. Fed.R.Evid. 402.  In contrast, exclusion of this evidence would unfairly leave the jury with an incomplete and myopic view of the parties, their relationship, and their dispute. For these reasons, the Defendants ask that the Plaintiffs' motion *in limine* be denied.

### REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(c), Defendants respectfully request oral argument. Defendants believe that oral argument will materially assist the Court in rendering a decision on the instant Motion.

| | |
|---|---|
| March 30, 2020 | Respectfully submitted,<br><br>IMSTEM BIOTECHNOLOGY, INC., REN-HE XU and XIAOFANG WANG,<br><br>By their Attorneys,<br><br>/s/ *Timothy R. Shannon*<br>Timothy R. Shannon, MA Bar # 655325<br>Martha C. Gaythwaite, MA Bar # 187650<br>VERRILL DANA LLP<br>One Portland Square<br>Portland, Maine 04101<br>(207) 774-4000<br>tshannon@verrill-law.com<br>mgaythwaite@verrill-law.com<br><br>Benjamin M. Stern, MA Bar # 646778<br>VERRILL DANA LLP<br>One Federal Street, 20th Floor<br>Boston, Massachusetts 02110<br>(617) 309-2600<br>bstern@verrill-law.com |

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2020, I caused a true copy of the foregoing document to be served upon counsel of record via ECF.

>/s/ *Timothy R. Shannon*
>Timothy R. Shannon

13662800_2