




July 19, 2020



# Restrictions on Taking Deposition Testimony of in China for Use in Foreign Courts

BY ADMIN ON NOVEMBER 2, 2018

In today's globalized economy, it is not surprising that many cross-border disputes involve parties and witnesses located in mainland China. U.S. litigators involved in such disputes should be mindful of the restrictions on taking depositions in China.

In U.S. litigation, arguably the most important discovery device is the deposition – the asking of questions under oath. Depositions provide litigants the opportunity to subject hostile witnesses to cross-examination under oath and ask the same questions that would be asked at trial. There are significant logistical difficulties in taking the deposition of witnesses who reside in countries located outside the United States, including the inconvenience and cost of travel and visa applications.

FRCP Rule 30(d)(4) permits parties to take a deposition "by telephone or other remote means" with the

deposition officially taking place "where the deponent answers the questions." The FRCP contains no prohibi with respect to the taking of remote depositions outside the country and in fact, remote, cross-border depos are normally taken with respect to a multitude of countries. See e.g. Richard v. US Airways, Inc., 2011 BL 20688, 2 (E.D. Pa. Jan. 26, 2011) (witness sat for a remote videotape deposition in Spain); El-Hadad v. United Arab Emirates, 496 F.3d 658, 668, 378 U.S. App. D.C. 67, 77, 2007 BL 65799, 9 (D.C. Cir. 2007) (remote videotape deposition of witness from Egypt by internet video); Lopez v. NTI, LLC , 748 F. Supp. 2d 471, 479, 2010 BL 216025, 7 (D. Md. 2010) (remote deposition of witness in Honduras via videoconferencing); Angamarca v. Da Ciro, Inc., 303 F.R.D. 445 , 448 (S.D.N.Y. 2012) (permitting plaintiff to testify from Ecuador via video link); Salguero v. Argueta, 17-CV-125, [2017 BL 92455], 2017 U.S. Dist. LEXIS 42499 , [2017 BL 92455], 2017 WL 1113334 , at *2 (E.D.N.C. Mar. 23, 2017) (permitting remote testimony from El Salvador to avoid the cost of international travel); Virtual Architecture, Ltd. v. Rick, 08 Civ. 5866, 2012 U.S. Dist. LEXIS 15118 , [2012 BL 28977], 2012 WL 388507, at *2 (S.D.N.Y. Feb. 7, 2012) (finding expense and inconvenience of international travel sufficient to permit witness to testify remotely from the Seychelles).

However, remote depositions are not permitted in China.

"China does not permit attorneys to take depositions in China for use in foreign courts. Under its Declaration and Reservations to the Hague Evidence Convention and subsequent diplomatic communications, China has indicated that . . . participation in such activity could result in the arrest, detention, or deportation of the American attorneys and other participants." See China Judicial Assistance, U.S. Dept. of State, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html (emphasis in original); see also Jay K. Musoff, International Discovery Regulations & U.S. Government Investigations, Aspatore, Sept. 2012, at 2 ("China does not permit American attorneys in China to take depositions for use in foreign courts.").

Although taking depositions in China is theoretically possible, "in practice [the Chinese government] so severely restrict them that, for all practical purposes, . . . [they] are simply not going to happen." Craig Allely, Successful Depositions in International Litigation, 37 No. 4 Litigation 12, 13 (2011). Although the People's Republic of China is a signatory to the Hague Evidence Convention, covering discovery for international litigation, China has explicitly rejected Chapter II (except Art. 15), meaning that the taking of willing depositions is generally not permitted within the country. See Consular Affairs, U.S. Dept. of State, Taking Voluntary Depositions of Willing Witnesses, 7 Foreign Affair Manual 920 (2013), available at https://fam.state.gov/fam/07fam/07fam0920.html. One of the reasons for this is that depositions require the swearing of an oath, and China has very strict laws regarding the administering and swearing of oaths. China regards the administering of oaths by foreign attorneys and consular officials as a "violation of China's judicial sovereignty." See Experience Not Logic, Business and Law in China, Taking Depositions in China Part I (Jan. 15, 2008); CRAIG ALLELY, Successful Depositions in International Litigation, 37 No. 4 Litigation 12, 13 (2011). When foreign attorneys or consular officials administer an unauthorized oath in China, the penalties include arrest, detention, expulsion, or deportation of all participants in the oath. Even conducting a deposition in a hotel room with an oath by private persons could result in criminal penalties under Chinese law.

While Rules 28 and 29 of the Federal Rules of Civil Procedure normally permit parties to stipulate to foreign depositions, these rules "cannot obviate compliance with conventions signed by the U.S. and China, nor can [they] violate Chinese domestic law." See Fang Shen, Are You Prepared For This Legal Maze? How to Serve Legal Documents, Obtain Evidence, & Enforce Judgments in China, 72 UMKC L. Rev. 215, 227 (2003). "China applies strict rules to administering oaths . . . and U.S. litigants should not proceed without first obtaining permission from Chinese authorities and should not be optimistic [about] being granted permission." Id. at 230–31. See also Ako S. Williams, Taking Depositions Abroad, L.A. Law, Dec. 2005, at 11–12 ("It is risky for Americans to participate in depositions of witnesses located in China, since requests must go through Chinese Central Authority and are

rarely successful.")

And "[u]nder Fed. R. Civ. P. 30(b)(4), . . . [w]here a deposition is taken remotely, the Rule specifies that the deposition is deemed to be taken in the locality where the deponent gives the answers." See Experience Not Logic, Business and Law in China, Taking Depositions in China Part I (Jan. 15, 2008); Craig Allely, Successful Depositions in International Litigation, 37 No. 4 Litigation 12, 13 (2011).

With that said, there is a commonly used alternative location for depositions of Chinese witnesses: Hong Kong. There is a history of remote depositions which have taken place in Hong Kong. See Dagen v. CFC Grp. Holdings, 00 Civ. 5682, 2003 U.S. Dist. LEXIS 20029, 2003 WL 22533425, at *2 (S.D.N.Y. Nov. 7, 2003) (permitting testimony by telephone of witnesses based in Hong Kong); see also Jordan Outdoor Enters., Ltd. v. Hubei Wild Trees Textiles Co., 2014 BL 99734 (M.D. Ga. Apr. 09, 2014) (Chinese national deposed in Hong Kong in Georgia litigation).

"In Hong Kong, consular officers may take voluntary depositions of U.S. citizen witnesses without prior permission from Hong Kong authorities, provided no compulsion is used. If the services of a U.S. consular officer are required to administer an oath to the witness, interpreter and stenographer, such arrangements must be made in advance with the U.S. Consulate General directly." See Hong Kong Judicial Assistance, U.S. Dept. of State https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/HongKong.html. Of course in some instances, given the need for authorization to travel from China to Hong Kong, it may be just as inconvenient to take the deposition of a Chinese witness in Hong Kong as it is to take the deposition of said witness in the United States. But in any event, careful consideration is necessary before the taking the deposition of any Chinese witness.

Share this 分享内容







FEATURED CASES

乐视Faraday Future美国员工起诉中国恒大集团
BY MICHELLE ZHENG ON NOVEMBER 15, 2018

美国司法部起诉福建晋华、台湾联华电子窃取商业机密
BY ADMIN ON NOVEMBER 3, 2018

中国福建正兴车轮集团被集体诉证券欺诈
BY ADMIN ON NOVEMBER 3, 2018

凡特鲁斯化工(Vertellus)及中国分公司控告前合作伙伴侵害商业秘密
BY ADMIN ON NOVEMBER 3, 2018

California District Court Was Petitioned to Enforce an Arbitral Award against Jia Yueting, the Founder of Le.com (Sep. 5, 2018, U.S. District Court in California)
BY ADMIN ON NOVEMBER 2, 2018

SUBSCRIBE

输入电子邮件 Your email address*

点击订阅 Subscribe



OPINIONS





中国国企在美国跨境追赃民事诉讼获得程序法支持
BY ADMIN

...

Court Rejects Application for Attorneys' Fees In Connection With Petition to Confirm Chinese Arbitration Award
BY ADMIN

...



ZTE Fails to Secure Summary Judgment in Patent Litigation Brought By Cellular Communications Equipment
BY ADMIN

...

活动列表

There are no upcoming events at this time.

第一时间中美案件资讯
海外案件观察
The China Docket Report




**Copyright © 2018** by The China Docket.