# Timothy Shannon

**From:**
**Sent:**
**To:**
**Subject:**

---

发件人: zheli <zheli@um.edu.mo>
日期: 2020年7月15日 GMT+8 上午12:04:49
收件人: renhexu <renhexu@um.edu.mo>
主题: 答复: Consultation

Dear Prof. Xu,

Thanks for your email.

If I understand correctly, you are inquiring about possible approach for you to testify in Macau about your case in the United States in which you are a defendant.

Normally speaking, there are two possible methods for a party of a civil litigation to provide testimony for a litigation outside of Macau SAR based on Macau Law and International Conventions.

The first approach is the request by the court of the United States to the Macao court for a judicial assistance. According to article 1 of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, of which both China (including Macau SAR) and the United States are member states," *in civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provisions of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act.".* therefore, if such request for judicial assistance can be raised, it shall be put forward by the court of the United States, and cannot be by the defendant. However, even if the American court raised a judicial assistance request and ask the court of Macau allow you to be present in person in a courtroom of Macau so that you can attend the trial in the United States via video camera, it is very unlikely that the Macau Court will approve. According to Article 136 of the Civil Procedure Code of Macau, if the court **is not competent** to do the act required by the foreign court or other competent , then the court shall refuse such requirement.  Since there is no provisions in the civil procedure code or related legal documents which allow the long-distance trial via video camera, and also considering that it is never occurred for any judicial actions being enforced via video camera, the judge will most likely refuse such request based on the provison aforementioned.

The second possible way for you to provide testimony in Macau is that you testify before a diplomatic officer.  According to article 15 of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, of which both China (including Macau SAR) and the United States are member states, "In a civil or commercial matter, a diplomatic officer or consular agent of a Contracting State

1

may, in the territory of another Contracting State and within the area where he exercises his functions, take the evidence without compulsion of nationals of a State which he represents in aid of proceedings commenced in the courts of a State which he represents." However, due to the current situation of the Covid-19 pandemic, the diplomatic officer of the American Consulate in Hong Kong cannot enter Macau without a 14 days' quarantine. Therefore, it is almost impossible for you to testify using this method.

There are two other methods of taking evidence abroad according to the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, which is to testify before a commissioner duly appointed (article 17) and  via Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in Common Law countries (article 23). However, these two articles will not be applied to the People's Republic of China (including Macau SAR) as they had been reserved by the Chinese Government.

As a conclusion, I cannot find a possible way for you to testify in Macau about your case, neither a possible way for you to be present to the American court in a courtroom of Macau, which is unprecedented in Macau.

For the link of the aforementioned legal documents, you may find the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters at https://assets.hcch.net/docs/dfed98c0-6749-42d2-a9be-3d41597734f1.pdf; the Civil Procedure Code of Macau at https://bo.io.gov.mo/bo/i/99/40/codprocivpt/ (in Portuguese) and https://bo.io.gov.mo/bo/i/99/40/codprocivcn/ (in Chinese).

If you have any further inquiries, feel free to contact me.

Best Regards.

Li Zhe

Ph.D. in Law
Associate Professor
Coordinator for Ph.D. Program
Faculty of Law, University of Macau
Room 3019, E 32, Avenida da Universidade, Taipa, Macau, P.R.C.

发件人：renhexu <renhexu@um.edu.mo>
发送时间：2020年7月13日 18:45
收件人：zheli <zheli@um.edu.mo>
主题：Consultation

Dear Prof. Li,

As we discussed on phone, I am a named defendant in a case pending in a federal court in the United States. The trial is scheduled to begin on September 14, 2020. In light of COVID-19 and the accompanying travel restrictions, I have asked the U.S. court (through my lawyers) to allow me to testify in my trial via video, from Macau.

Could you let me know your view as to whether Macau law would allow me to give trial testimony in a U.S. court via video from Macau, and more generally how Macau law operates in this area? You might cite some reference if needed. I believe your view will greatly assist my U.S. lawyers and the U.S. court.

Thank you very much!

2

Renhe

*Ren-He Xu, Ph.D., Professor*
*Associate Dean (Research)*
*Faculty of Health Sciences*
*University of Macau*
*Avenida da Universidade*
*E12-4015*
*Taipa*
*Macau, Zip Code 999078*
*China*

*中国澳门氹仔 大学大马路 E12-4015（邮编 999078）澳门大学健康科学学院教授、副院长 徐仁和*

*Phone: +853 8822-4993*
*Fax: +853 8822-8345*
*Email: renhexu@um.edu.mo*
*Lab: https://fhs.um.edu.mo/en/staff/ren-he-xu/*