# Exhibit D to Rabenstein Declaration

| | |
|---|---|
| **From:** | Timothy Shannon |
| **To:** | Frazier, David (DC); Rabenstein, Reba (DC) |
| **Cc:** | Ben Stern |
| **Subject:** | Astellas; Follow-up from last Friday, meet and confer |
| **Date:** | Tuesday, March 24, 2020 6:47:43 PM |

David,

I wanted to follow up on our discussion on Friday (3/20).

First, with respect to the Wang, Xu, and Men deposition designations, we do consider the designations overbroad and therefore unreasonably burdensome to respond to on a line-by-line basis.  At the same time, we understand you undertook the designations, in part, to account for the possibility that one or more of the witnesses would be unavailable.  We expect to have these witnesses available live or by video (depending on how the Court rules on our motion, below) but we acknowledge some uncertainty given the current circumstances.  We therefore suggest that we proceed as follows.  We will include broad language in a cover document indicating that we believe that the designations are overbroad, FRE 403, etc.  We'll then add something like:

> Nonetheless, the parties have agreed that Astellas may revisit these designations a week before trial, when travel and/or video arrangements will have been made, and in the event the witnesses are confirmed, Astellas expects (and reserves the right) to narrow the designations at that time.  Defendants reserve the right to make any counter-designations to those narrowed designations within 3 business days of receipt.

Comments welcome.  We'd like to craft language that works.

Second, with respect to Exhibits 381 and 383-387, we respectfully disagree that your proposed summaries should be admitted as exhibits.  We believe they are demonstratives that you will be using to illustrate the testimony of your experts and should not be admitted.  As we discussed, we'll disclose copies of our own demonstratives prior to trial.  We have not listed them as "exhibits" because we do not believe they are exhibits.  Rather than waiting for trial to sort this out, we will suggest we take it up with the Court at the pre-trial conference.  We will object to PTX 381 (damages analysis) and 383-387 (timelines, labels, icons).  If the Court finds they are exhibits, we'll propose analogs within 5 days.  If the Court keeps them out, we will simply disclose ours as chalks prior to trial.  Our primary concerns are (i) goose-gander and (ii) efficiency.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Fourth, we unfortunately need to file a motion for a continuance of the trial.  Trial preparation has become unworkable in light of the latest COVID-19 orders and restrictions.  Let me know if you're available for a meet-and-confer today or tomorrow morning please.

Best,
Tim

**Timothy R. Shannon** PARTNER
One Portland Square
Portland, ME 04101-4054
T (207) 253-4622

tshannon@verrill-law.com


logo96

This email and any attachment was sent from the law firm Verrill Dana, LLP. It may contain information that is privileged and confidential. If you suspect that you were not intended to receive it, please delete it and notify us as soon as possible. Thank you.