David P. Frazier
(202) 637-2200
David.Frazier@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

**LATHAM & WATKINS LLP**

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

August 18, 2020

**VIA CM/ECF**

The Honorable Allison D. Burroughs
United States District Court
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re:   *Astellas Institute for Regenerative Medicine v. ImStem Biotechnology, Inc., et al*.,
       Case No. 1:17-12239-ADB

Dear Judge Burroughs,

      We write in response to Defendants' letter request to continue the current trial date until November 30, 2020.  First, the letter is procedurally improper as the Court has denied Defendants motion and ordered that remaining witness issues be addressed at trial.  That ruling was consistent with Ms. Gaythwaite's representation that Defendants are ready to proceed and that remaining witness issues could be addressed once the trial began.  Contrary to the Court's order, Defendants appear to believe that they were invited to select a trial date most convenient for them.  They have selected the Monday after Thanksgiving, likely the least convenient date for Astellas, given the need to prepare witnesses in the days before trial.

      Second, Defendants offer no basis for choosing this date.  They do not explain what they expect to change between now and November that will allow trial then, but not now.  Nor do they indicate whether their offer is a firm commitment to start trial on November 30, without seeking another continuance as that date draws nearer.  It would be highly unfair to Astellas to grant Defendants the full discretion to select a trial date that they find convenient and the further discretion to simply change the date should they choose so in the future—but that is exactly what Defendants are proposing.  Defendants have made no showing of what steps they are taking to make their witnesses available, why they expect them to be available in November, and what they propose should happen if the witnesses are not available as planned.  It is unclear at this time, for example, whether Dr. Xu is able to travel but would have to quarantine upon his return, or if he is not able to travel at all.

      Third, and most importantly, Defendants have never made any specific proffer of what they believe Dr. Xu and Dr. Men will testify to that was not covered in their extensive depositions.  Nor have Defendants explained why offering direct examinations by declaration, a procedure

LATHAM&WATKINS LLP

specifically recommended by Local Rule 16.5, would not suffice.  Defendants agreed to a September trial, and the only thing that has changed is that they learned about laws they should have been aware of months or years earlier.  It is expensive to prepare for trial.  Despite Defendants' repeated assertions of cost sensitivity, their proposed continuance and their lack of a firm commitment to meeting even the continued date will maximize expenses for both parties.

At root, this is a problem born out of Defendants' choice to not preserve the testimony of their foreign witnesses when they had the chance.  As the First Circuit stated in *Amarin Plastics v. Maryland Cup*, 946 F.2d 147, 151-2 (1st Cir. 1991), "Whether this was a trial strategy or an oversight, we cannot say."  But this Court is well within its discretion to hold Defendants to their choices and proceed with a September trial.  Should the Court be inclined to continue that date, Astellas respectfully asks that (1) Defendants be required to make a proffer of the testimony they expect to elicit and why it is needed in view of the prior depositions and the availability of Dr. Wang, (2) Defendants explain the steps they are taking to make their witnesses available and why they expect those steps to be effective in November, and (3) Defendants commit that they will proceed, regardless of witness availability, on the new date.  Astellas would also appreciate, if it pleases the court, if the continued date could be either before Thanksgiving or during the week of December 7 to allow time for Astellas to meet with its witnesses other than over the holiday weekend.

Respectfully submitted,

/s/ David P. Frazier

David P. Frazier

cc:   counsel of record (via CM/ECF)