# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASTELLAS INSTITUTE FOR REGENERATIVE MEDICINE,<br><br>    Plaintiff,<br><br>v.<br><br>IMSTEM BIOTECHNOLOGY, INC., XIAOFANG WANG, and REN-HE XU,<br><br>    Defendants. | C.A. NO. 1:17-cv-12239-ADB |

**[PROPOSED] JUDGMENT**

BURROUGHS, D.J.

Plaintiff Astellas Institute for Regenerative Medicine ("Plaintiff"), filed suit against Defendants ImStem Biotechnology Inc., Xiaofang Wang and Ren-He Xu. ("Defendants") for (Count 1) Correction of Inventorship of United States Patent No. 9,745,551 ("the '551 patent"): Drs. Kimbrel and Lanza as Sole Joint Inventors, (Count 2) Correction of Inventorship of United States Patent No. 9,745,551: Drs. Kimbrel and Lanza as Joint Inventors with the Currently Named Inventors; (Count 3) Conversion, (Count 4) Unjust Enrichment, (Count 5) Unfair Trade Practices Under Massachusetts General Law Chapter 93A, (Count 6) Misappropriation of Trade Secrets, (Count 7) Negligent Misrepresentation, and (Count 8) Breach of Contract. [ECF Nos. 1, 113]. Defendant filed countersuit against Plaintiff for (Counterclaim 1) Correction of Inventorship of U.S. Patent No. 8,961,956 to add Dr. Wang as Inventor[1], (Counterclaim 2) Correction of

---

[1] Defendants' motion to amend their Counterclaims to add Dr. Xu as an inventor to the '956 patent was denied. [ECF No. 85]. Nevertheless, Defendants continued to argue that Dr. Xu should be added to the '956 patent. [*See, e.g.,* ECF No. 244 at 31 n.31]. As explained in the Court's opinion,

1

Inventorship for U.S. Patent No. 8,962,321 to add Drs. Xu and Wang as Inventors, and (Counterclaim 3) Unjust Enrichment. [ECF Nos. 20, 33, 91].

On March 4, 2020, the Court entered its Order on the parties' respective motions for partial summary judgment, granting Plaintiff's motion for partial summary judgment on (Count 2) Correction of Inventorship of United States Patent No. 9,745,551. [ECF No. 163].

Before trial, the Plaintiff dropped its (Count 3) Conversion, (Count 4) Unjust Enrichment, (Count 6) Misappropriation of Trade Secrets, (Count 7) Negligent Misrepresentation, and (Count 8) Breach of Contract. Defendants dropped their (Counterclaim 3) Unjust Enrichment.

The parties stipulated that any judgment on the '551 patent would be binding on the continuation patent, U.S. Patent No. 10,557,122 (the "'122 patent"). [ECF No. 95; ECF No. 218 at 3 n.2; ECF No. 220 at 16; ECF No. 218-1 ¶¶ 37-38; *see also* ECF No. 255 at 38 n.17].

The remaining causes of action came for bench trial before the Court, Honorable Allison D. Burroughs United States District Judge, presiding. On February 5, 2021, the Court rendered its decision as set forth in its Findings of Fact and Conclusions of Law. [ECF No. 255].

AND NOW, this _____ day of _____, 2021,

IT IS ORDERED THAT:

1. Judgment is hereby entered in favor of Plaintiff and against Defendants as to the claim for (Count 1) Correction of Inventorship of United States Patent No. 9,745,551 ("the '551 patent"), pursuant to 35 U.S.C. § 256.

    a. The Director of the United States Patent and Trademark Office is hereby ordered

---

all of Dr. Wang's alleged contributions to the '956 patent "were known in the field and by Drs. Kimbrel and Lanza prior to their collaboration with Drs. Xu and Wang." [ECF No. 255 at 40]. As such, even had Defendants been permitted to amend their Counterclaims to add Dr. Xu as an inventor to the '956 patent, such claim would have failed on the merits.

        to add Robert Lanza and Erin Kimbrel as inventors on the '551 patent and the '122 patent and to remove Xiaofang Wang and Ren-He Xu as inventors, and Defendants are ordered to cooperate with Plaintiff to effectuate the change in inventorship of the '551 and '122 patents, including executing or filing any necessary Petitions to Correct Inventorship or assignments.

    b. Consistent with the change of inventorship on the '551 and '122 patents, Defendants are ordered to cooperate with Plaintiff to effectuate the change in ownership of the '551 and '122 patents to Plaintiff.

    c. Consistent with the change of inventorship on the '551 and '122 patents, Defendants are ordered to cooperate with Plaintiff to add Robert Lanza and Erin Kimbrel as inventors and to remove Xiaofang Wang and Ren-He Xu as inventors on PCT/US2013/048291, to which the '551 and '122 patents claim priority, and transfer ownership of PCT/US2013/048291 to Plaintiff.

    d. Consistent with the change of inventorship on the '551 and '122 patents, Defendants are ordered to cooperate with Plaintiff to add Robert Lanza and Erin Kimbrel as inventors and to remove Xiaofang Wang and Ren-He Xu as inventors on any United States or foreign patents or applications that, like the '551 and '122 patents, claim priority to PCT/US2013/048291, and transfer ownership of said patents or applications to Plaintiff.

2.     Judgment is hereby entered in favor of Plaintiff and against Defendants as to the claim for (Counterclaim 1) Correction of Inventorship of U.S. Patent No. 8,961,956 to add Dr. Wang as Inventor[2], (Counterclaim 2) Correction of Inventorship for U.S. Patent No. 8,962,321 to

---

[2] Defendants' motion to amend their Counterclaim 1 to add Dr. Xu as an inventor to the '956 patent

3

add Drs. Xu and Wang as Inventors. There will be no change to the listed inventors of U.S. Patent Nos. 8,961,956 and 8,962,321.

3. In light of Defendants' post-trial actions in refusing to return control of the '551 PCT application and other foreign patents and applications despite the Court's inventorship rulings, the Court hereby modifies its findings and conclusions solely for the purpose of equitably returning to Astellas its remaining intellectual property. Judgment is hereby entered in favor of Plaintiffs and against Defendants as to the (Count 5) Unfair Trade Practices Under Massachusetts General Law Chapter 93A, but in lieu of damages, Plaintiff's remedy shall be a constructive trust for the benefit of Plaintiff over PCT/US2013/048291 and any patent applications or patents claiming priority to it for purposes of correcting inventorship and restoring ownership of those patent applications or patents to Astellas.

4. Defendants' (Counterclaim 3) Unjust Enrichment is dismissed *with prejudice*.

5. Plaintiff's (Count 3) Conversion, (Count 4) Unjust Enrichment, (Count 5) Misappropriation of Trade Secrets, (Count 7) Negligent Misrepresentation, and (Count 8) Breach of Contract are dismissed *with prejudice*.

6. Defendants take nothing.

7. Plaintiff is hereby determined to be the prevailing party under Fed. R. Civ. P. 54(d).

8. The Clerk of the Court is directed to tax costs in favor of Plaintiff, who shall have 14 days to submit a bill of costs under Fed. R. Civ. P. 54.

9. Plaintiff may within 30 days move to demonstrate entitlement to attorneys' fees under Fed. R. Civ. P. 54. Defendants shall submit their opposition within 10 days after Plaintiff's motion is filed. Plaintiff may within 21 days of any order resolving the initial motion in its favor

---

was denied. [ECF No. 85].

submit additional briefing and evidence to establish the quantum and reasonableness of such attorneys' fees.

      10.    In order to prevent any unnecessary appeals, Defendants will communicate to Plaintiffs their intent to appeal any aspect of this ruling within 10 days of entry of this judgment.

**SO ORDERED**

Dated: _____                    _____

                                                  ALLISON D. BURROUGHS
                                                  U.S. DISTRICT JUDGE