UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ASTELLAS INSTITUTE FOR REGENERATIVE MEDICINE,<br><br>    Plaintiff,<br><br>v.<br><br>IMSTEM BIOTECHNOLOGY, INC., XIAOFANG WANG, and REN-HE XU,<br><br>    Defendants. | C.A. NO. 1:17-cv-12239-ADB |

**CONSENT MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF ASTELLAS' MOTION FOR ENTRY OF PROPOSED JUDGMENT AND FOR ADDITIONAL FINDINGS AND CONCLUSIONS CONCERNING 93A**

Pursuant to Local Rule 7.1(b)(3), Plaintiff Astellas Institute for Regenerative Medicine ("Astellas") hereby respectfully seeks leave to file a reply brief of no more than 10 pages in support of its Motion for Entry of Proposed Judgment and for Additional Findings and Conclusions Concerning 93A ("Motion for Entry of Judgment"). If granted leave, Astellas would file said reply by June 9, 2021.

As grounds for this motion, Astellas states as follows:

1. On April 21, 2021, Astellas filed the Motion for Entry of Judgment, along with a memorandum in support. (ECF Nos. 261 & 262).

2. On April 28, 2021, Defendants ImStem Biotechnology, Inc., Xiaofang Wang, and Ren-He Xu ("Defendants") filed an assented-to motion to extend its response time to May 19, 2021, which the Court allowed on April 29, 2021. (ECF Nos. 263 & 264).

3. On May 19, 2021, Defendants filed a memorandum in opposition ("Opposition") to Astellas' Motion for Entry of Judgment. (ECF No. 265).

4. Astellas seeks leave to reply in order to directly respond to various arguments made for the first time in Defendants' Opposition. For example, Defendants raised new arguments regarding the disclosure of the PCT application, including that claims 43-58 in Defendants' PCT Application relate to therapeutic use of MSCs for "various diseases," that "was not considered by this Court in rendering its inventorship decision." *See* Opposition at 6-7. Defendants omit, however, that PCT claims 43-58 all address therapeutic use of MSCs for multiple sclerosis (*see* TX-8 at AIRM293608-610), which this Court did address in its inventorship decision. As another example, Defendants argue that *Chou v. University of Chicago* is distinguishable because *Chou* involved "PCT applications that were filed in the U.S. States [sic] Patent and Trademark Office" and that the "PCT applicants had also elected the United States as the Contracting State in which they intended to pursue national patent rights." Opposition at 13. Defendants omit, however, that Defendants *also* filed their PCT Application at issue in this case with the United States Patent and Trademark Office and elected the United States as where they intended to pursue—and did pursue—national patent rights. *See* TX-8 at AIRM293507. As yet a third example, Defendants try to resurrect their argument that federal patent law preempts Astellas' Chapter 93A claim (Opposition at 16-17), which not only lacks substantive merit (*see* ECF No. 227 at 5 n.5) and was barred by the Court due to Defendants' failure to raise it until just before trial despite it being an affirmative defense that must be pled (*see* 2020.08.26 Hr'g Tr. at 3:18-24), but also is something Defendants previously affirmatively stated was "no longer an issue that needs to be addressed by the Court" (ECF No. 230).

Allowing Astellas to address these issues is thus reasonable, and doing so should materially assist the Court in resolving the Motion for Entry of Judgment. *See Klein v. MHM Corr. Servs., Inc.*, No. 08-cv-11814, 2010 WL 3245291, at *2 (D. Mass. Aug. 16, 2010) (granting motion for leave to file additional brief where opponent's brief "arguably incorporated new arguments" that movant could not reasonably have addressed earlier); *Kaplan v. First Hartford Corp.*, No. 04-cv-10402, 2006 WL 8458253, at *1 (D. Mass. Apr. 5, 2006) (granting motion for leave to file reply brief that was directed at rebutting opponent's new legal argument).

5. Counsel for Astellas has conferred with Sanford Weisburst, Esq., counsel for Defendants, who indicated that Defendants' consent to Astellas' request to file a reply brief with a submission deadline of June 9, 2021.

WHEREFORE, Astellas respectfully requests that the Court grant it leave to file a reply in support of its Motion for Entry of Judgment - to be due by June 9, 2021, and not to exceed 10 pages.

Dated: May 27, 2021

Respectfully submitted,

*/s/ David P. Frazier*
Charles H. Sanders (BBO# 646740)
LATHAM & WATKINS LLP
John Hancock Tower, 27th Floor
200 Clarendon Street
Boston, MA 02116
Telephone: (617) 948-6022
Facsimile: (617) 948-6001
charles.sanders@lw.com

Michael A. Morin (pro hac vice)
David P. Frazier (pro hac vice)
Rebecca L. Rabenstein (pro hac vice)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004
Telephone: (202) 637-2200

                Facsimile: (202) 637-2201
                michael.morin@lw.com
                david.frazier@lw.com
                rebecca.rabenstein@lw.com

                Brenda L. Danek (pro hac vice)
                LATHAM & WATKINS LLP
                330 North Wabash Avenue, Suite 2800
                Chicago, IL 60611
                Telephone: (312) 876-7700
                Facsimile: (312) 993-9767
                brenda.danek@lw.com

                Yi Sun (pro hac vice)
                LATHAM & WATKINS LLP
                12670 High Bluff Drive
                San Diego, CA 92130
                Telephone: (858) 523-5400
                Facsimile: (858) 523-5450
                yi.sun@lw.com

                *Counsel for Plaintiff*

## LOCAL RULE 7.1 CERTIFICATION

      Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for Plaintiff has conferred with counsel for Defendants in a good faith effort to resolve or narrow the issues presented in this motion. Defendants consent to this motion.

                */s/ David P. Frazier*
                David P. Frazier

## CERTIFICATE OF SERVICE

      I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent on May 27, 2021 to those identified as non-registered participants.

                */s/ David P. Frazier*
                David P. Frazier