**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7170**

WRITER'S EMAIL ADDRESS
**sandyweisburst@quinnemanuel.com**

September 9, 2021

The Honorable Allison D. Burroughs
United States District Court for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re:   *Astellas Institute for Regenerative Medicine, et al. v. ImStem Biotechnology, Inc., et al.*, C.A. No. 1:17-12239-ADB

Dear Judge Burroughs:

We write on behalf of Defendants ImStem Biotechnology, Inc., *et al.* ("ImStem") to inform the Court that the Canadian Patent Office recently issued a Notice of Allowance for ImStem's Canadian patent application, CA2876499, and ImStem paid the fee for that application on August 24, 2021. The patent is expected to issue in approximately six to ten weeks from August 24.

Issuance of the Canadian patent will affect one of the arguments in ImStem's opposition to Astellas' motion for entry of proposed judgment, but it will not undermine ImStem's overall position that the Court should deny Astellas' Motion for Entry of Proposed Judgment and For Additional Findings and Conclusions Concerning 93A.

Specifically, ImStem's opposition contended that patent application CA2876499 should not be included in this Court's final judgment because, *inter alia*, that patent application was still pending before the Canadian Patent Office. ImStem pointed out that, even if CA2876499 included claims similar to those of the '551 and '122 patents, those claims could still change throughout prosecution. D.I. 265 at 7, 8 n.3. Now that the issue fee has been paid, the claims of the Canadian patent application will not change, and once the patent issues, it will no longer be pending.

Even after the Canadian patent issues, however, ImStem's other arguments will continue to apply. *See id.* § III.B.1, 2, and 4 (arguing that (1) the claims are different and were never addressed at trial; (2) this Court lacks jurisdiction over foreign applications *and patents*; and (2) this Court should not dictate the preclusive consequences of its ruling to other courts and agencies).

quinn emanuel urquhart & sullivan, llp

ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

2

Respectfully submitted,

/s/ *Sanford I. Weisburst*

Sanford I. Weisburst

cc:  Counsel of record (via CM/ECF)