David P. Frazier
(202) 637-2200
David.Frazier@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

**LATHAM & WATKINS** LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

September 27, 2021

**VIA CM/ECF**

The Honorable Allison D. Burroughs
United States District Court
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re:   *Astellas Institute for Regenerative Medicine v. ImStem Biotechnology, Inc., et al.*
       Case No. 1:17-12239-ADB

Dear Judge Burroughs,

   We write in response to Defendants' letter regarding the Notice of Allowance for the Canadian patent application, CA2876499 ("Canadian patent"). Dkt. 274.

   If anything, Defendants' filing (and conduct since this Court's decision) highlight why the Court should enter Astellas' proposed judgment. Defendants' assertion that the claims of the Canadian patent "are different and were never addressed at trial" (Dkt. 274 at 1) is false. These claims are substantively the same as the claims of the '551 and '122 patents, reciting subject matter that was squarely addressed throughout the over two week trial. *See Astellas Institute for Regenerative Med. v. ImStem Biotech., Inc.*, No. 17-CV-12239-ADB, 2021 WL 406449 at *20, *17 n.17 (D. Mass. Feb. 5, 2021) ("*AIRM*"). Specifically, claims 1-11 of the Canadian patent are nearly identical to the claims 1-11 of the '551 patent. *See* App'x A (chart comparing claims). The last claim in the Canadian patent, claim 12, recites using the HB-MSCs "for immunosuppressing T-cells," which is the exact method recited in claim 1 of the '122 patent ("[a] method for immunosuppressing T-cells"). *See id.* In fact, Defendants told the Canadian patent office that their "claims have been amended in order to correspond to claims granted in corresponding U.S. Patent 9,745,551 and claims allowed in corresponding U.S. application 15/656,473," which issued as U.S. Patent No. 10,557,122.[1] App'x B at 1 (Oct. 3, 2019 Response to Examiner's Requisition).

   Defendants' actions further support the Court reconsidering/extending Astellas' Chapter 93A claim based on Defendants' post-trial conduct. Dkt. 262 at 8-9; Dkt. 268 at 8. Despite the

---

[1] In response to a later action by the Canadian examiner, Defendants added a list of the "at least one growth factor" to be used in claim 1, step c. The named growth factors (VEGF, TPO and FLT3-ligand are those identified in '551 patent, Example 1, and are part of the protocol Dr. Kimbrel provided to Defendants. '551 patent (TX-A), 51:37-42.

fact that the Canadian patent claims being nearly identical to those this Court considered in its decision, Defendants never informed the Canadian Intellectual Property Office about the inventorship dispute in the United States at all, and have not provided that office this Court's inventorship decision.  Instead, Defendants paid the issuance fee in order to obtain another patent to use as "a bargaining chip . . . for future litigation," as Dr. Wang planned to use such patents from the start.  *AIRM*, 2021 WL 406449 at *14 (quoting Nov. 9 Tr. at 138:1-20).  The time for such "bargaining chips" is over.  Defendants fully litigated these issues in the two-and-a-half week long trial before this Court.  Defendants lost.  To permit them to continue to seek patents that they have no rights to and use them against Astellas or to force Astellas to pay for duplicative litigation of the same factual issues this Court has already decided, is egregious, unfair conduct.  Such egregious conduct warrants reconsideration or extension of Astellas' Chapter 93A claim based on Defendants' post-trial conduct.

   Simply put, Defendants post-trial acts—and omissions—demonstrate exactly why this Court's assistance is needed in entering the final judgment Astellas proposed.  For these reasons and those in Astellas' briefing (Dkts. 262, 268), Astellas respectfully requests the Court enter Astellas' proposed judgment, found at Dkt. 261-1.

Respectfully submitted,

/s/ *David P. Frazier*

David P. Frazier


cc:   Counsel of Record (via CM/ECF)